·409 P.2d 131

Elvira JARAMILLO, Administratrix of the Estate of Urbano Jaramillo, Deceased, Plaintiff-Appellant,

v.

T. F. THOMAS and American Trust Life Insurance Company, Defendants-Appellees.

No. 7657.

Supreme Court of New Mexico.

Dec. 20, 1965.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellees.

McINTOSH, District Judge.

Plaintiff's complaint alleged that Thomas, while driving an automobile in the course and scope of his employment with American Trust Life Insurance Company, negligently struck and killed plaintiff-decedent Urbano Jaramillo. At the time, Thomas was returning to his home in Albuquerque, after calling on prospective insurance customers in Estancia and Mountainair, and going by to see one man for personal reasons. He was working under an employment contract with defendant insurance company which provided for his solicitation of applications for insurance to be submitted to defendant insurance company.

Under his contract he was assigned territory in "New Mexico as directed," on a non-exclusive basis. He was free to choose any means of transportation he desired and worked only at such times and places as suited his convenience. The contract was immediately terminable by the company upon non-compliance therewith and was further terminable by either party without cause upon thirty days' written notice. It also specifically provided in paragraph 14:

"* * * that the Agent is an independent contractor and his sole compensation is through the commission provided herein. Agent shall pay all expenses incurred by him in performance of this contract. * * *"

Judgment by default was entered against defendant Thomas and the complaint was dismissed as to the defendant insurance company on its motion for summary judgment.

Plaintiff contends that the relationship of master and servant existed between Thomas and the insurance company and the doctrine of vicarious liability applied to render

the insurance company liable for the acts of its servant.

On the other hand the defendant insurance company maintains that the defendant Thomas was an independent contractor and no liability attached to it.

The deposition of defendant Thomas was taken and written interrogatories were submitted to and answered by the defendant insurance company, after which defendant's motion for summary judgment was filed.

There being no controversy on the facts, the only question for decision here is the legal one of whether defendant Thomas was an independent contractor or the servant of the insurance company. If the relationship of master and servant existed then the insurance company is liable, but if the relationship was that of independent contractor then no liability attaches.

It is generally agreed that the determinative factor in situations similar to that presented here is the right to control and this court has on numerous previous occasions adhered to that general doctrine. Burruss v. B. M. C. Logging Co., 38 N.M. 254, 31 P.2d 263; Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640; Bland v. Greenfield Gin Co., 48 N.M. 166, 146 P.2d 878; Nelson v. Eidal Trailer Co., 58 N.M. 314, 270 P.2d 720; Huff v. Dunaway, 63 N.M. 121, 314 P.2d 722; Campbell v. Smith, 68 N.M. 373, 362 P.2d 523; Romero v. Shelton, 70 N.M. 425, 374 P.2d 301; Shaver v. Bell, 74 N.M. 700, 397 P.2d 723.

A right to control the physical details as to the manner and method of performance of the contract usually but not always establishes a master and servant relationship, but control only of the ultimate results to be obtained usually results in an independent contractor relationship.

Section 250, Restatement, Agency 2d, which was cited with approval by this court, not only in Stambaugh v. Hayes, supra, but also in Romero v. Shelton, supra, reads in part as follows:

"a. A principal employing another to achieve a result but not controlling or having the right to control the details of his physical movements is not responsible for incidental negligence while such person is conducting the authorized transaction. Thus, the principal is not liable for the negligent physical conduct of an attorney, a broker, a factor, or a rental agent, as such. In their movements and their control of physical forces, they are in the relation of independent contractors to the principal. It is only when to the relation of principal and agent there is added that right to control physical details as to the manner of performance which is characteristic of the relation of master and servant that the person in whose service the act is done becomes subject

to liability for the physical conduct of the actor. * * *"

In Burruss v. B. M. C. Logging Company, supra, it was held that the relationship was that of master and servant principally because of the power of discharge, and in Bland v. Greenfield Gin Company, supra, we held that the relationship was that of independent contractor principally because there was no power of termination or discharge, except for non-compliance with the contract.

■ The "power of discharge" is, however, only one of the elements to be considered; it may be of primary importance in one case and of no consequences in another depending on the circumstances. Many other elements have been considered by the courts in determining the relationship between the parties and this led Mr. Justice Sadler in Huff v. Dunaway, supra, to comment:

" * * * what in many cases are considered satisfactory tests, in other cases and under different circumstances, are not satisfactory. * * *"

There are many similarities and some minor differences between the facts in this case and those in Burruss and Bland and it must be observed that here the parties by their agreement in paragraph 14 specifically agreed that their relationship was that of independent contractor with compensation payable solely on a commission basis.

In Romero v. Shelton, supra, the employer had no power of control over the agent's mode of transportation and it was held that while the agent was traveling from one town to another he was neither the servant nor the agent of the employer and no liability attached to the employer as a result of his operation of an automobile.

In the instant case the insurance company had no control of Thomas' mode of transportation and Romero v. Shelton, supra, would appear to be controlling.

We conclude that the relationship was that of independent contractor and the lower court was correct in sustaining the motion for summary judgment.

Appellee also argues that at the time of the accident the agent was not engaged upon the master's business and there accordingly could not be any liability. From what has been said and in view of our disposition of the first point we need not consider this argument.

The decision of the district court in sustaining the motion for summary judgment will be affirmed.

NOBLE and MOISE, JJ., concur.