423 P.2d 602

Nettie NABORS, William Nabors, and State Farm Mutual Automobile Insurance Company, Plaintiffs-Appellants,

v.

HARWOOD HOMES, INC., Defendant-Appellee,

Victor F. De Joria and Wilma Jeanne De Joria, Intervenors-Appellants.

No. 8124.

Supreme Court of New Mexico.

Feb. 6, 1967.

Bingham & Klecan, Albuquerque, for appellants.

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellee.

William E. Snead, Albuquerque, for intervenors-appellants.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

This is an appeal from a judgment of the District Court of Bernalillo County exonerating an employer from liability resulting from the negligence of his employee.

The facts pertinent to our decision are as follows. On Sunday, October 7, 1963, Frank B. Spalding negligently drove a pickup truck which resulted in injury to the plaintiffs, hereinafter referred to as

the appellants. The pickup truck was owned by Spalding, an employee, but sometimes used in his capacity as a supervisor for his employer, Harwood Homes, Inc., Spalding testified that at the time of the accident he was on his way to one of his employer's housing projects. Harwood Homes, Inc. had not ordered or directed Spalding to go to the project on the afternoon of the day of the accident.

■ Appellants assert seven points for reversal attacking various findings of fact and conclusions of law. The sole question raised by their attack is whether the employee, Frank B. Spalding, was acting within the scope of his employment at the time of the collision in which the plaintiffs were injured. If so, Harwood Homes, Inc., is liable because an employer is subject to liability for the torts of his employees committed while acting in the scope of their employment. Restatement, Second, Agency § 219.

Appellants contend that the test of whether Spalding was acting within the scope of his employment is determined by White Auto Stores, Inc. v. Reyes, 223 F.2d 298 (10th Cir.1955). Further that the trial court erred in concluding that the employer, Harwood Homes, Inc., was not exercising any control over its employee, Frank .B. Spalding, at the time of the accident.

White Auto Stores, Inc. v. Reyes, supra, is not applicable and may be distinguished on its facts. There the negligent employee had arrived at the home of the plaintiff, a customer, and was performing a job which furthered the employer's business although he was not authorized to perform the task. In this case, the employee had not arrived at the construction site and he was not furthering the employer's business at the time of the accident. Further, the trial court found that at the time of the accident the defendant, Spalding, was using the truck for his personal benefit and the pleasure of his family. See Romero v. Shelton, 70 N.M. 425, 374 P.2d 301; Lang v. Cruz, 74 N.M. 473, 394 P.2d 988; Annot. 52 A.L.R.2d 287, 303 (1957).

■■ The trial court properly considered the question of control in determining whether the defendant, Spalding, was acting within the scope of his employment at the time of the accident. In Bolt v. Davis, 70 N.M. 449, 374 P.2d 648, we repeated the statement that it is impossible to state the rule applicable to scope of employment cases briefly and comprehensively so as to make it clearly applicable to all cases, because of the ever-varying facts of each particular case. In Bolt v. Davis, supra, we also noted some of the facts that may be considered in cases of this type. See Restatement, Second, Agency §§ 228, 229;

Prosser, Torts (3d Ed.) 472, § 69. Among those listed is the right of control over an employee by his employer. We may assume for the sake of argument that the employee was going to the housing project. We need not consider what he intended to do when he arrived there or afterwards. Under the circumstances here present there was substantial evidence to support the finding of the trial court that the employee was not within the scope of his employment at the time of the accident. See, Restatement, Second, Agency, § 239 for the following:

> "A master is not liable for injuries caused by the negligence of a servant in the use of an instrumentality * * * over which it is understood that the master is to have no right of control."

We hold that an employee enroute to, or returning from, his place of employment, using his own vehicle is not within the scope of his employment absent additional circumstances evidencing control by the employer at the time of the negligent act or omission of the employee. See McCollar v. Euler, 286 F.2d 327, (10th Cir. 1960); Annot. 52 A.L.R.2d 287 (1957), and cases collected therein. Compare Jaramillo v. T. F. Thomas, 75 N.M. 612, 409 P.2d 131. The judgment appealed from is affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur