525 P.2d 404

**Ethel ABBOTT, surviving widow of John Benjamin Abbott, Deceased, Plaintiff-Appellee,**

v.

**Benjamin F. DONATHON, d/b/a Donathon Plumbing and Heating Company, Employer, and Western Casualty and Surety Company, Insurer, Defendants-Appellants.**

**No. 1275.**

Court of Appeals of New Mexico.

July 24, 1974.

J. Duke Thornton, Shaffer, Butt & Jones, Albuquerque, for defendants-appellants.

Steven Lee Tucker, Watson, Stillinger & Lunt, Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

While the claimant's decedent was engaged in hauling dirt for the defendant Donathon, the truck bed of decedent's truck accidentally fell on him, resulting in his death. Claimant, decedent's widow, brought this action against Donathon and his insurer. She received judgment under the Workmen's Compensation Act for

death benefits, funeral expenses and attorney's fees.

The defendants' appeal raises the following issues: (1) that the decedent was not an employee of Donathon and, therefore, was not covered by the act; and (2) that the decedent's employment, if any, was "purely casual." Section 59–10–12.9, N.M. S.A. 1953 (Repl. Vol. 9, pt. 1, Supp. 1973) defines a workman as a "person who has entered into the employment of or works under a contract of service or apprenticeship, with an employer, except a person whose employment is purely casual and not for the purpose of the employer's trade or business. * * *" We affirm.

*Employee status*

The thrust of defendants' contention under this point is that decedent was an independent contractor, not an " 'employee' " or " 'workman' " within the meaning of § 59–10–12.9, supra. He challenges the sufficiency of the evidence to support a number of the trial court's findings of fact that are the basis for its conclusion of law that, " * * * Abbott [decedent], was a workman and employee of the Defendant * * * Donathon * * * within the meaning of the * * * Act."

First, we consider unchallenged findings of the trial court. The trial court's findings of fact No. 5 and 11 tend to support its conclusion. Findings of fact No. 5 indicates the decedent was paid on an hourly basis. Finding No. 11 indicates that W–2 and W–4 forms were prepared by the defendant Donathon for decedent and that Donathon withheld taxes from decedent's pay. Since these findings went unchallenged, they are taken as true for the purposes of this appeal. Lopez v. Schultz & Lindsay Construction Company, 79 N.M. 485, 444 P.2d 996 (Ct.App.1968). In Lasater v. Home Oil Company, 83 N.M. 567, 494 P.2d 980 (Ct.App.1972), we relied in part upon two similar facts in holding that there was substantial evidence to support the conclusion that the claimant was an employee.

The dispositive finding, however, is No. 6, which also went unchallenged and which states:

"6. The Defendant Donathon reserved the right to discharge the decedent at any time the Defendant Donathon felt the decedent's work was unsatisfactory."

In Burruss v. B. M. C. Logging Co., 38 N. M. 254, 31 P.2d 263 (1934), the court resolved a similar contention by stating:

"In this particular case, the fatal fact, as we see it, is that found at appellee's request, that appellant logging company 'retained the right to employ and discharge the deceased at its will. . . .' "

The defendants seek to avoid the effect of *Burruss* and finding No. 6 in two ways.

First, they seek to distinguish *Burruss* on the ground that there the termination could be "at will," while here it must be for unsatisfactory work. The attempted distinction must fail because under finding No. 6, it was defendant Donathon's subjective determination as to whether the work was unsatisfactory.

Second, the defendants rely upon Jaramillo v. Thomas, 75 N.M. 612, 409 P. 2d 131 (1965), where the court stated:

"The 'power of discharge' is, however, only one of the elements to be considered; it may be of primary importance in one case and of no consequences in another depending on the circumstances. Many other elements have been considered by the courts in determining the relationship between the parties and this led Mr. Justice Sadler in Huff v. Dunaway, supra, to comment:

" ' * * * what in many cases are considered satisfactory tests, in other cases and under different circumstances, are not satisfactory. * * *' "

We feel that the power of termination is of great importance in this case because the facts are so similar to those in *Burruss*. That case also involved an alleged

employee who was killed while hauling material in his own truck. In that case there was the same lack of " 'superintendence' " or of " 'authoritative control,' " which defendants rely upon here. In cases involving hauling there is likely to be little actual direction other than as to time and place. Since the factor of actual control of details, often relied upon by courts in resolving this same issue, is not likely to be helpful here, the importance of other tests, such as power of termination and method of payment, is magnified.

■ Finding of fact No. 3, which is challenged, states:

"3. On or about March 28, 1972, the Defendant . . . Donathon . . . entered into a *contract of hire* with the decedent . . . whereby the decedent agreed to haul dirt with decedent's truck from an irrigation pond the Defendant Donathon had agreed to deepen for a regular customer . . . ." [Emphasis supplied].

This finding is supported by the defendant Donathon's statement that he felt the decedent was his "employee." Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615 (1955). This finding also supports the trial court's conclusion since § 59–10–12.9, supra, denominates a person who works under a "contract of service" as a workman. The findings that deceased was paid by the hour, had taxes withheld from his pay, had entered into a contract of hire and could be discharged any time Donathon felt his work was unsatisfactory support the conclusion that deceased was an employee. The defendants challenged the court's findings No. 7, 9 and 13. These findings are not discussed in their entirety because we hold that there is substantial evidence in the record to support the court's conclusion.

*Casual Employee*

■ Defendants contend that decedent was, " * * * a person whose employment * * * [was] purely casual and not for the purpose of the employer's trade or business * * *," and therefore was not covered by the Act. Section 59–10–12.-9, supra. The basis of the contention is that the defendant Donathon was engaged in a project which he would not normally undertake in the usual course of his business, which was plumbing and heating. He undertook the project, which involved deepening of an irrigation pond, as an accommodation to a regular customer.

Section 59–10–12.15, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1973), states:

"*Work not casual employment.*—As used in the Workmen's Compensation Act . . . ., unless the context otherwise requires, where any employer procures any work to be done wholly or in part for him, by a contractor other than an independent contractor, and the work so procured to be done is a part or process in the trade or business or undertaking of such employer, then such employer shall be liable to pay all compensation under the Workmen's Compensation Act to the same extent as if the work were done without the intervention of such contractor. And the work so procured to be done shall not be construed to be 'casual employment.' "

We hold that § 59–10–12.15, supra, also applies to this case.

■ Finding of fact No. 3, which we indicated above was supported by substantial evidence, indicates that decedent was, " * * * a contractor, other than an independent contractor. * * *" Webster's Third New International Dictionary (14th ed. 1961), defines "undertaking" as, " * * * something undertaken: a business, work, or project which one engages in or attempts. * * *" No contention can be made that the deepening of the irrigation pond was not an undertaking within the ordinary meaning of that term. Since the work to be done was an "undertaking" we are not concerned with trade or business as separate concepts. Section 59–10–12.15, supra.

The trial court found:

"4. The work the decedent was performing for the Defendant Donathon

was for the purpose of, incidental to and a part of the trade, business or undertaking of the Defendant Donathon."

If there is substantial evidence supporting this finding, § 59–10–12.15, supra, would prevent the application of the casual employee exception in § 59–10–12.9, supra.

The record indicates that the decedent was hauling away the dirt which was obtained from the excavation of the pond. Defendant Donathon's testimony is clear that the hauling of dirt was a necessary part of the process of excavation. The decedent was not a casual employee. There is substantial evidence that the work deceased was performing was for the purpose and a part of Donathon's undertaking. The work not being casual employment under § 59–10–12.15, supra, was also not casual employment under § 59–10–12.9, supra.

The claimant is awarded $1,500.00 for the services of her attorney on this appeal.

The judgment is affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.

Sutin, J., dissented and filed opinion.