540 P.2d 229

**DUKE CITY LUMBER COMPANY, INC., a New Mexico Corporation, Petitioner,**

v.

**William E. TERREL, d/b/a Little Tree Lumber Company, Respondent.**

**William E. TERREL, d/b/a Little Tree Lumber Company, Petitioner,**

v.

**DUKE CITY LUMBER COMPANY, INC., a New Mexico Corporation, Respondent.**

**Nos. 10050, 10051.**

Supreme Court of New Mexico.

Aug. 4, 1975.

Rehearing Denied Sept. 11, 1975.

Modrall, Sperling, Roehl, Harris & Sisk, John R. Cooney, George T. Harris, Jr., Albuquerque, for Duke City Lumber Co.

Ortega, Snead, Dixon & Hanna, Arturo G. Ortega, William E. Snead, Albuquerque, for William Terrel.

Lyons, Ottinger & Reynolds, Charles P. Reynolds, Albuquerque, David E. Douglas, Edmund H. Kase, III, Socorro, for Terrel.

## OPINION

OMAN, Justice.

This cause is before us upon a writ of certiorari directed to the New Mexico Court of Appeals, which affirmed the judgment of the district court in *Terrel v. Duke City Lumber Company*, 86 N.M. 405, 524 P.2d 1021 (Ct.App.1974). We reverse the decision of the Court of Appeals insofar as it affirmed the judgment of the district court in awarding $367,000 to Terrel for the claimed loss of his saw mill and planing mill by reason of economic compulsion on the part of Duke City.

Although both Duke City and Terrel filed petitions for a writ of certiorari, and have raised several points relied upon for the issuance of the writ and a reversal of both the Court of Appeals and the district court, we confine ourselves to a determination of the following inquiries:

(1) What is the scope of review by an appellate court of evidence adduced at trial upon an issue of fact which must be established by clear and convincing evidence?

(2) May damages for a claimed loss of value of a business enterprise be established by the "before" and "after" market values of the enterprise? If so, was the evidence adduced by plaintiff sufficient to establish these "before" and "after" values?

As to the first of these inquiries, we are concerned with Terrel's burden of proof as to his claims of economic compulsion. The instruction to the jury by the district court on this question, which has not been attacked on appeal or in this court, reads in pertinent part:

"To establish economic compulsion proof must be clear and convincing. It must be more than a preponderance of the evidence. Plaintiff will not have met the required burden of proof for any one or more claims of economic compulsion that are not established by clear and convincing evidence.

"Evidence is clear and convincing as to an economic compulsion claim if you have an abiding conviction that such a claim is true. Evidence is not clear and convincing if you find the evidence to be evenly balanced, or barely in favor of Plaintiff, or if the evidence leaves a question in your mind as to the alleged economic compulsion."

It is the position of Duke City that on appeal it was the duty of the Court of Appeals to review and weigh all the evidence upon the issue of economic compulsion, and, from this review and weighing of the evidence, then to determine whether the mind of the factfinder—in this case the jury—could have properly reached an abiding conviction as to the truth of Terrel's claim of economic compulsion. This position appears to be supported by the decisions of this court in *McLean v. Paddock*, 78 N.M. 234, 430 P.2d 392 (1967) and *Visic v. Paddock*, 72 N.M. 207, 382 P. 2d 694 (1963). It also appears that language from other decisions by this court may so suggest, although such a holding was neither intended nor expressly stated. See for example *Hockett v. Winks*, 82 N. M. 597, 485 P.2d 353 (1971); *Lumpkins v. McPhee*, 59 N.M. 442, 286 P.2d 299 (1955).

On the other hand, New Mexico decisions involving the burden of proof by clear and convincing evidence have expressly stated or clearly implied that it is for the finder of the facts, and not the appellate courts, to weigh conflicting evidence and decide where the truth lies. The function of the appellate court is to view the evidence in the light most favorable to the prevailing party, and to determine therefrom if the mind of the factfinder could properly have reached an abiding conviction as to the truth of the fact or facts found. *Prudential Insurance Company of America v. Anaya*, 78 N.M. 101, 428 P.2d 640 (1967); *Frear v. Roberts*, 51 N.M. 137, 179 P.2d 998 (1947); *Echols v. N. C. Ribble Company*, 85 N.M. 240, 511 P.2d 566 (Ct.App.), cert. denied, 85 N.M. 229, 511 P.2d 555 (1973).

The Court of Appeals concluded as follows after referring to *Hockett v. Winks*, supra; *McLean v. Paddock*, supra; *Visic v. Paddock*, supra; *Lumpkins v. McPhee*, supra:

"The above cases conform with the ordinary rules of review of the record on appeal. That is, presumptions are in favor of verdicts and reviewing courts will view the facts in the light most favorable to the prevailing party, will indulge in all reasonable inferences in support of the verdict, and will disregard all inferences or evidence to the contrary. Further, it is for the jury and not the reviewing court to weigh the testimony, determine the credibility of witnesses, reconcile inconsistent or contradictory statements of witnesses and say where the truth lies. *Durrett v. Petritsis*, 82 N.M. 1, 474 P.2d 487 (1970); *Sauter v. St. Michael's College*, supra [70 N.M. 380, 374 P.2d 134]. We will review the evidence to determine if it is sufficient to establish, clearly and convincingly, the claim of economic compulsion. *Hockett v. Winks*, supra."

We agree, except as to the appraisal of the decisions in *McLean v. Paddock*, supra, and *Visic v. Paddock*, supra. The decisions in those cases indicate that they were, or at least may have been, based upon an appellate review of all the evidence of record, and, from this view, the court determined that the issues of fraud were not clearly and convincingly established. We hereby disavow and overrule these and all other decisions of this court, or the Court of Appeals, insofar as they state or suggest that on appellate review all the evidence upon an issue of fact, which must be established by clear and convincing evidence, is to be weighed and the appellate court to determine therefrom whether the fact is so established.

The next matter with which we are here concerned is whether the district court and the Court of Appeals correctly ruled that the amount of damages for the

claimed loss by Terrel of his saw mill and planing mill, by reason of economic compulsion on the part of Duke City, could properly be established by the "before" and "after" fair market values of these mills. (We refer to the loss of these mills as a "claimed loss," because it appears that the mills were not lost and are still being operated by Terrel.) He claimed a "[l]oss of saw mill and planing mill in the amount of $600,000." The jury awarded $367,000 for "loss of saw mill and planing mill," and the district court's judgment in behalf of Terrel included this jury award. The Court of Appeals discussed this "before" and "after" method of proving damages at 86 N.M. 426–27, 524 P.2d 1042–43. We agree with the Court of Appeals that the difference between the "before" and "after" fair market values of a business enterprise correctly measures the damages resulting from the destruction of or injury to the enterprise. We have trouble with the authorities cited by the Court of Appeals in support of its decision, but there are authorities so holding. See *Kimball Laundry Co. v. United States*, 338 U.S. 1, 69 S.Ct. 1434, 93 L.Ed. 1765 (1949); *Story Parchment Co. v. Patterson Co.*, 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 (1931); *Lehrman v. Gulf Oil Corporation*, 500 F.2d 659 (5th Cir. 1974), cert. denied, 420 U.S. 929, 95 S.Ct. 1128, 43 L.Ed.2d 400 (1975); *Brewer v. Uniroyal, Inc.*, 498 F.2d 973 (6th Cir. 1974); *Albrecht v. Herald Company*, 452 F.2d 124 (8th Cir. 1971). However, we do not necessarily agree with the Court of Appeals that this was the only method by which the claimed damages could properly have been measured.

■ Competent witnesses testified as to the "before" market value of the enterprise, but the only evidence as to the "after" value came in by way of testimony of one of these witnesses. This witness testified that he would have paid $400,000 for the enterprise while Terrel was operating it. However, he also testified that he would pay $400,000, or very close to it, for the mill in place as it was at the time he testified and as it still is. It is true he testified that if the mill were to be dismantled and sold as used machinery he would pay at most only $75,000 to $80,000 for it. However, this was not evidence as to the "after" market value of the mill which was in place and which was not dismantled or to be dismantled for sale as used machinery.

■ It is true that Terrel testified the business was worthless to him, because he lacked the money to operate it. However, this did not reduce the "market value" of the mill in place to its mere salvage value. We disagree with the assertion by the Court of Appeals that: "The 'after' value of the mill was a salvage value, without capital to operate it or to purchase timber."

■■ The market value, or fair market value, of a business enterprise, or of any other property, is not dependent upon the owner's financial capacity to operate or improve the enterprise or property. It is what a willing buyer would pay and a willing seller would accept for it in its condition at the time and place in question. *Tome Land & Improvement Co. v. Silva*, 83 N.M. 549, 494 P.2d 962 (1972); *City of Albuquerque v. Chapman*, 76 N.M. 162, 413 P.2d 204 (1966); *Board of Com'rs of Dona Ana County v. Gardner*, 57 N.M. 478, 260 P.2d 682 (1953); *Kaiser Steel Corp. v. Property Appraisal Dept.*, 83 N.M. 251, 490 P.2d 968 (Ct.App.), cert. denied, 83 N.M. 258, 490 P.2d 975 (1971). Since Terrel failed to prove the "after" value of his mill was less than the "before" value, the judgment for $367,000 cannot stand.

The decision of the Court of Appeals and the judgment of the district court are reversed to the extent of the award of $367,000 for the "loss of saw mill and planing mill," and the district court is directed to withdraw its judgment heretofore entered and to enter a new judgment accordingly. Otherwise, the judgment of the district court is affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON and MONTOYA, JJ., concur.