547 P.2d 72

**Lindsay M. YERBICH, as mother and next friend of Michael Duane Yerbich, Jr., and Jaysen Vincent John Yerbich, minors, Plaintiff-Appellant,**

**v.**

**George HEALD and Bates Lumber Company, Defendants-Appellees.**

**No. 2032.**

Court of Appeals of New Mexico.

March 2, 1976.

Terrance L. Dolan, Dolan & Clear, Albuquerque, for plaintiff-appellant.

Turner W. Branch, Branch & Branch, David W. King, Threet, Threet, Glass, King & Maxwell, Albuquerque, for defendants-appellees.

## OPINION

HERNANDEZ, Judge.

This is an appeal from a summary judgment which determined plaintiff's deceased, Michael D. Yerbich, was not an employee of the defendant, Bates Lumber Company (Bates). Plaintiff did not appeal the trial court's order that the other defendant, George Heald (Heald), was not liable for workmen's compensation. Heald did not have four or more employees and therefore did not come within the ambit of the New Mexico Workmen's Compensation Act, Sections 59–10–1 through 59–10–37, N.M. S.A.1953 (2d Repl.Vol. 9, pt. 1).

The facts gleaned mostly from the depositions of the parties are as follows. Bates was in the lumber business owning and operating a saw mill and lumber yard. They had a contract with the Forest Service whereby the company was permitted to cut timber from a certain tract of land in the Jemez mountains. Bates' employees cut and skidded the logs to a loading area and then loaded the logs onto trucks. The trucks that hauled the logs to Bates' mill were not owned by Bates, but usually by the persons who drove the trucks. In the instant case, Heald owned three trucks but did not personally drive any of them. When the trucks arrived at the mill they were unloaded by Bates' employees. Bates engaged anywhere from six to fifteen ve-

hicles per day, depending on the quantity of logs needed to keep its mill operating. Bates, in addition to assigning where the logs would be loaded and unloaded, also determined whether logs would be hauled five or six days a week. The deceased was one of Heald's drivers. The deceased was bringing a load of logs to Bates' mill when the truck ran off the highway and he was killed.

The agreements between Bates and the truckers were all the same regardless whether the owner or someone else drove the truck. The agreement with Heald provided among other things that: Heald operated as an "independent contractor" and not as an employee of Bates; payment for hauling logs would be based on a net scale; Heald was to pay all taxes and licenses applicable to his operation. Heald also agreed to carry workmen's compensation and public liability insurance, and to hold Bates harmless from all claims made by third parties arising out of the trucking operations. In spite of this agreement, Heald did not carry workmen's compensation insurance since he was not obligated to do so under the provisions of § 59–10–2, supra. The agreement did not provide for a fixed term and could be terminated by either party at will.

Our Supreme Court in *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972), adopted the following as the test to be applied in determining whether summary judgment should or should not be granted:

"... [T]he party opposing the motion is to be given all reasonable doubts in determining whether genuine issue exists. If there are such reasonable doubts, summary judgment should be denied." 3 Barron & Holtzoff, Federal Practice and Procedure, with Forms, § 1234 at 124–126 (Rev'd. by Wright 1958).

The basic purpose of our Workmen's Compensation Act is to ensure that industry carry the burden of personal injuries suffered by workmen in the course of their employment. *Gonzales v. Chino Cop-*

*per Co.*, 29 N.M. 228, 222 P. 903 (1924). Consequently, the relationship of the parties is not to be determined from the name attached to it by them, but from the consequences which the law imputes to their agreement to prevent evasion of the obligations which the act imposes upon employers. See *Chevron Oil Company v. Sutton*, 85 N.M. 679, 515 P.2d 1283 (1973).

▇ The most significant decision, in this State, on the question of whether an individual is an employee or an independent contractor in workmen's compensation cases is *Burruss v. B. M. C. Logging Co.*, 38 N.M. 254, 31 P.2d 263 (1934). In this case our Supreme Court set forth the general test to be applied in determining this question: The principal factor to be considered is (1) the power on the part of the employer to control. Some of the specific items from which this power may be inferred are: (A) control of the manner and means of performance; (B) the right to discharge at will; (C) method of payment, i. e., lumpsum, piece-rate, periodic wages. In *Shipman v. Macco Corporation*, 74 N. M. 174, 392 P.2d 9 (1964), our Supreme Court set forth a second factor to be considered, (2) whose is the work being done, i. e., is it a separate piece of work or an integral part of the employer's business.

▇ The facts in this record are similar to those in *Burruss v. B. M. C. Logging Co.*, supra, and *Bland v. Greenfield Gin Co.*, 48 N.M. 166, 146 P.2d 878 (1944). Those cases have different results. The difference in result, as explained in *Jaramillo v. Thomas*, 75 N.M. 612, 409 P.2d 131 (1965), was based on the power of discharge. The record in this case indicates either Heald or Bates could terminate their contract at will. There is a factual question as to the power of discharge.

Even if power of discharge should be established as a fact, that fact in itself is not dispositive. As is shown above the "Power of discharge" is only one item to be considered; whether that item is of primary importance depends on the circumstances of the case. *Jaramillo v. Thomas*, supra.

Plaintiff's theory is that decedent worked for Heald, who in turn, was an employee of Bates. Because the importance of Bates' power to discharge depends on the circumstances of the case, we agree that the relationship between Heald and Bates requires a trial to determine the circumstances involved in the relationship. Compare, *Roybal v. Bates Lumber Co.*, 76 N.M. 127, 412 P.2d 555 (1966) and *Mittag v. Gulf Refining Company*, 64 N.M. 38, 323 P.2d 292 (1958).

Accordingly, we reverse the summary judgment in favor of Bates.

IT IS SO ORDERED.

WOOD, C. J., and SUTIN, J., concur.