727 P.2d 83

**Sida TAFOYA, Plaintiff-Appellant,**

**v.**

**CASA VIEJA, INC., and Insurance Company of North America (INA), Defendants-Appellees.**

**No. 8668.**

Court of Appeals of New Mexico.

Sept. 18, 1986.

Nancy L. Garner, Albuquerque, for plaintiff-appellant.

John S. Stiff, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellees.

## OPINION

GARCIA, Judge.

The trial court dismissed plaintiff's claim for workmen's compensation benefits after concluding that plaintiff was not defendant's employee, but was an independent contractor. Plaintiff and various members of her family had an arrangement with Casa Vieja to clean its restaurant.

Plaintiff appeals from the judgment and raises three issues: (1) whether the trial court erred in concluding that plaintiff was an independent contractor rather than an employee; (2) whether there was substantial evidence to support the trial court's finding that plaintiff did not work under the supervision of any employee of Casa Vieja; and (3) whether the trial court erred in refusing certain findings of fact which plaintiff proposed regarding Casa Vieja's right to control plaintiff's work and other conditions of her employment. We affirm the trial court.

## WHETHER THE TRIAL COURT ERRED IN CONCLUDING THAT PLAINTIFF WAS AN INDEPENDENT CONTRACTOR

■ Conflicting evidence was presented concerning plaintiff's employment status. Plaintiff argued to the trial court, and again argues on appeal, that the evidence supported the conclusion that she was defendant's employee. We agree that evidence was presented from which a trial court could have made different findings; we assume, but need not decide, that if other findings had been made, the trial court should have reached a different conclusion. In view of the record of appeal, the question therefore is not whether there is evidence from which the trial court might have reached a different result; rather, the question is whether the findings support the conclusion.

We do not weigh evidence nor do we pass on the credibility of witnesses. Those functions belong exclusively to the trial court. *See Duke City Lumber Co. v. Terrel,* 88 N.M. 299, 540 P.2d 229 (1975). Our function on appeal is to view the evidence together with the inferences which may be legitimately drawn from the evidence, in the light most favorable to the trial court's findings, considering only the evidence which supports the court's determination. *Id. Schober v. Mountain Bell Telephone,* 96 N.M. 376, 630 P.2d 1231 (Ct.App.1980). When viewed in this light, we find substantial evidence to support the trial court's conclusion that plaintiff was not defendant's employee.

Plaintiff challenges only a single finding of fact made by the trial court, namely that the Tafoyas did not work under the supervision of any employee of Casa Vieja. Findings not directly attacked on appeal become facts before this court. *Latta v. Harvey,* 67 N.M. 72, 352 P.2d 649 (1960). We first view the unchallenged findings of fact and then apply principles of workmen's compensation law to the issue of employment status.

In *Yerbich v. Heald,* 89 N.M. 67, 547 P.2d 72 (Ct.App.1976), this court reiterated the test by which the trial court determines whether one is an employee or an independent contractor. The principal factor to be considered is the employer's power to control. We noted that the trial court could infer the existence of power when viewing some aspects of the questioned relationship, including control of the manner and means of performance, the right to discharge at will, and the method of payment (for example, whether payment was by periodic wages, lump sum, or piece-rate). In

addition to the employer's power to control, we noted that a second factor should also be considered, specifically whose work is being done—that is, whether the work performed is separate from or an integral part of the employer's business. *Yerbich,* 89 N.M. at 69, 547 P.2d at 74. *See also Jelso v. World Balloon Corp.,* 97 N.M. 164, 637 P.2d 846 (Ct.App.1981).

In viewing the unchallenged findings and applying the *Yerbich* test, we determine the trial court correctly determined that plaintiff was an independent contractor. The unchallenged findings of fact reasonably lead to the conclusion that defendant had the power to control the results of plaintiff's work, but the findings do not indicate that defendant had the right to control the means and methods of plaintiff's work. Plaintiff was not required to work any specified hours, nor was there a requirement as to who was to perform specific tasks. On occasion, others would accompany plaintiff to work and help with the cleaning. While Casa Vieja's owner and maitre d' would leave notes regarding complaints they had or point out areas that might need special attention, they did not detail who, how, or even when the work was to be performed. It can be reasonably inferred from these facts alone that defendant did not have the power to control the details of the work since defendant did not even control who was to perform the work.

While plaintiff argues that defendant had that power to control the details and simply failed to exercise that power, there is no factual support for the argument. Where, as here, control is limited to the ultimate results to be achieved, the relationship is usually that of an independent contractor. *Dibble v. Garcia,* 98 N.M. 21, 644 P.2d 535 (Ct.App.1982).

We can infer control over an employee when there is a right to discharge at will. *Burruss v. B.M.C. Logging Co.,* 38 N.M. 254, 31 P.2d 263 (1934). Here, however, the trial court found that defendant terminated the cleaning arrangement and did not terminate plaintiff individually. This finding is unchallenged and supports the inference that although defendant had the right to discharge the cleaning service as a business, it did not have the authority to discharge individuals employed with the service.

A third consideration from which a court may infer control over the employee is the manner and means of payment. Unchallenged findings indicate that plaintiff's name is absent from defendant's employment records. Moreover, the Tafoyas submitted statements which charged a set amount regardless of the hours worked or the number of people who worked. These statements also charged gross receipts tax; did not make individual charges for different persons who performed services; and had headings such as "Tafoya Janitorial Service," "Tafoya Maintenance Service," "Nat Tafoya Janitorial," "Janitorial Service," or "Janitorial." Moreover, the evidence indicates that defendant properly withheld money for taxes and F.I.C.A. for its own employees but made no deductions from the payment to the Tafoyas, and instead, paid the Tafoyas based on the statements submitted by them. There was ample evidence from which the trial court could determine that plaintiff was paid as an independent contractor, and not as defendant's employee.

Finally we consider the evidence in light of the relative nature of work test, the second factor considered by the *Yerbich* court. Insofar as the restaurant requires regular cleaning to comply with health regulations, cleaning is, in fact, part of its business. It does not necessarily follow, however, that whoever cleans the restaurant is defendant's employee. If defendant contracts with an independent contractor to perform the required cleaning, then that work is the work of an independent contractor. In this case, the trial court had ample support for its conclusion that plaintiff was not defendant's employee. Even without the one challenged finding, there is support for the trial court's determination that plaintiff had the power to control the details or means and methods of perform-

ing her own work. *See Burruss v. B.M.C. Logging Co.*

Plaintiff refers to the public policy concept behind workmen's compensation legislation and asserts that policy considerations favor recovery rather than denial in appropriate circumstances. *Ensley v. Grace,* 76 N.M. 691, 417 P.2d 885 (1966). While we agree with plaintiff's argument, public policy considerations do not relieve plaintiff of her burden of establishing a right to compensation by a preponderance of evidence. *Mascarenas v. Kennedy,* 74 N.M. 665, 397 P.2d 312 (1964). In this case, there was substantial evidence to support the court's findings and the unchallenged findings support the court's conclusion.

**WHETHER THERE IS SUBSTANTIAL EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING THAT PLAINTIFF DID NOT WORK UNDER THE SUPERVISION OF ANY EMPLOYEE OF THE RESTAURANT**

Plaintiff contends that the finding that plaintiff did not work under the supervision of any employee of Casa Vieja is not supported by substantial evidence. Where the issue is one of substantial evidence, any evidence unfavorable to the trial court's finding will be disregarded and only favorable evidence considered. Plaintiff cites evidence which would indicate that the Tafoyas were under the supervision of an employee at Casa Vieja. We may not properly consider that evidence since it is unfavorable to the trial court's finding. *Duke City Lumber Co. v. Terrel,* 88 N.M. at 301, 540 P.2d at 231. Rather, we view the evidence that supports the trial court's finding, and, in this case, find ample evidence from which the court could enter this finding.

**WHETHER THE TRIAL COURT ERRED IN REFUSING VARIOUS FINDINGS THAT PLAINTIFF PROPOSED**

Plaintiff argues that there was substantial evidence to support the proposed findings of fact, and therefore the trial court erred in refusing them. It is the duty of the trial court to weigh the evidence and credibility of witnesses and to resolve conflicts in the evidence. *Dibble,* 98 N.M. at 25, 644 P.2d at 539. While the testimony plaintiff cites might have supported other findings, this is not grounds for reversal. Other findings proposed were not relevant to the issues at trial; the trial court did not err in refusing them.

**CONCLUSION**

Since the findings of the trial court are supported by substantial evidence, and the findings support the conclusions of the trial court, the trial court's judgment will be affirmed.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.