739 P.2d 505

**Terry PARSONS, Plaintiff-Appellee,**

v.

**Ray KEIL, individually and d/b/a Aztec Motor Speedway, Defendant-Appellant.**

**No. 16563.**

Supreme Court of New Mexico.

July 13, 1987.

Hynes & Hale, Thomas J. Hynes, Farmington, for defendant-appellant.

Mettler & LeCuyer, Earl J. Mettler, Albuquerque, for plaintiff-appellee.

## OPINION

SOSA, Senior Justice.

Defendant-Appellant American Home Assurance Company (Insurer) appeals the judgment rendered against it in favor of Plaintiff-Appellee Terry Parsons (Parsons). Parsons had originally instituted suit against Ray Keil, individually and Ray Keil, d/b/a Aztec Motor Speedway (Speedway), for injuries Parsons had sustained while acting as a flagman during an automobile road race at the Speedway which Keil operated. When he learned that Keil was covered by a policy of insurance issued by the insurer, Parsons then filed a complaint for declaratory judgment against both Keil and the Insurer, seeking an order declaring that the Insurer in fact had a policy in force insuring Keil during the night on which Parsons was injured, and seeking an order from the court finding that the Insurer owed a duty to defend Keil in Parsons' action for damages, and to pay any damages assessed against the Insurer because of Parsons' complaint.

Eventually the two actions were consolidated for trial without jury. Before trial the Insurer moved for summary judgment against Parsons on the grounds of Parsons'

testimony at a deposition hearing, where he stated that he was an employee of Keil on the night in question. Since the policy excluded employees of the Speedway, the court granted the Insurer's motion. Parsons then secured another attorney, who filed a motion to vacate judgment on grounds that Parsons had not testified at his deposition that he was an employee of the Speedway, but that he was instead employed by Keil in another business that Keil operated. Parsons attached his own and other affidavits to this motion, asserting that he had not been working for the Speedway on the night of his injury. On the strength of the affidavits, the court vacated its earlier judgment and allowed the case to proceed to trial. The court then rendered judgment for Parsons, requiring the Insurer to pay damages to Parsons up to the limits of the policy. For the reasons stated below, we affirm the court's judgment.

**FACTS**

It is undisputed that Parsons was present at the Speedway on July 21, 1979; that he was asked by Keil to go into the "pit" area and wave a yellow "caution flag" for the benefit of the racing car drivers; that he was seriously injured when struck by one of the racing cars after Keil began waving a green "resume-speed flag" on the other side of the track without warning Parsons, and that the Speedway was, at the time of Parsons' injury, covered by a policy of insurance issued by the Insurer.

The dispute in this case involves two issues, that of the court's vacating its summary judgment granted to the Insurer, and that of the coverage of Parsons under the terms of the policy issued to Keil. The first issue arose because Parsons gave what the Insurer asserts are two contradictory responses to the question of his employment by Keil.

The second issue involves the interpretation of the insurance contract, and in particular three exclusions from coverage. Exclusion (i) applied to anyone covered by "any workmen's compensation, unemployment compensation or disability benefits

law, or under any similar law." Exclusion (j) applied to "any employee of the insured arising out of and in the course of his employment by the insured." Exclusion (p) applied to "any spectator or member of the general public authorized to enter a restricted area including any infield area not protected with guardrail and fencing."

The area referred to in exclusion (p) was the pit area of the Speedway which Parsons entered shortly before being struck by a racing car.

The insurer asserts that all three exclusions apply to Parsons because he (1) attempted (although in vain) to collect workmen's compensation benefits after his injury, (2) had given unequivocal testimony as to his employment by the Speedway, and (3) had been authorized by Keil to enter the pit area shortly before the accident. Parsons counters by asserting (1) that he attempted to collect workmen's compensation from Keil's other business, and not from the Speedway, (2) that he had been misunderstood by the Insurer at his deposition hearing in that he had never meant to say he was employed on the night of his injury by the Speedway, and (3) that although Keil *permitted* him into the pit area, Keil did not *authorize* him to enter the pit area in the sense in which that word is used in the policy. To substantiate this latter claim, Parsons produced a waiver form which Keil had required non-employee spectators to sign before entering the pit, and which Keil testified was given to him by an agent of the Insurer. Parsons and others testified that Parsons did not sign the waiver on the night of the accident.

**I. The Issue Relating to the Court's Vacating its Summary Judgment.**

In its findings of fact and conclusions of law the trial court found, *inter alia*, that Parsons, on the night in question, was not an employee of the Speedway, but was employed by Keil at a different and separate business; that at the time of his injury Parsons was not working for pay at the Speedway; that Parsons was not barred from recovering against the Insurer by Exclusions (i) or (j); that the Insurer

provided Keil with a waiver form to be signed by anyone authorized to go into the pit area of the Speedway; and that Parsons did not sign such a waiver and was thus not authorized by Keil "for purposes of Exclusion (p)" to go into the pit. It is our duty to take these findings of fact as binding upon the parties on appeal. We will disregard evidence unfavorable to the trial court's findings of fact, and consider only evidence favorable to those findings, for our function is to view the evidence in the light most favorable to the prevailing party. *Duke City Lumber Co., Inc. v. Terrel*, 88 N.M. 299, 540 P.2d 229 (1975); *Tafoya v. Casa Vieja, Inc.*, 104 N.M. 775, 727 P.2d 83 (Ct.App.1986).

■ The Insurer argues that the trial court had no grounds for vacating Summary Judgment in its favor, because Parsons contradicted his earlier deposition testimony by his affidavit submitted in favor of his motion to vacate. The findings of fact submitted by the trial court and set forth above show that there was clearly a basis on which the court could have vacated its judgment—namely, the discovery by the court that it had either misconstrued or misunderstood Parsons' deposition testimony. The Insurer objects to the court's vacating its judgment because there appear to be no grounds for such an action in SCRA 1986, 1–060, the rule asserted in Parsons' motion to vacate. We will ordinarily not interfere with a trial court's setting aside a judgment in reliance on the cited rule, unless the court acted unreasonably or capriciously. It is within the trial court's discretion to vacate a judgment when justice will be better served by its doing so. *United Salt Corp. v. McKee*, 96 N.M. 65, 628 P.2d 310 (1981); *Click v. Litho Supply Co.*, 95 N.M. 419, 622 P.2d 1039 (1981).

The Insurer argues on appeal that Parsons did not refer specifically in his motion to vacate to that portion of the rule which applied to his case. The Insurer argues that the allegations in Parsons' affidavit constituted neither mistake, inadvertance, surprise, nor excusable neglect, nor newly discovered evidence, nor fraud on the part of the adverse party (Subsections (B)(1) through (5) of the rule,) nor was there "any other reason" (Subsection (B)(6)) for the trial court to vacate its judgment.

We disagree. The court could have correctly vacated its judgment under either Subsection (B)(6), or arguably, under the preceding subsections, but since the Insurer in its brief on appeal argues that the court could have correctly relied only on Subsection (B)(6), if it was to rely on the rule at all, we will limit our holding to a discussion of that subsection. The policy behind "Rule 60(b)(6)," as it is commonly called, is to do justice and prevent injustice. Here the trial court found that it had committed an error in granting the Insurer's motion for summary judgment, and it moved to correct that error by allowing the parties to proceed to trial. As we have stated elsewhere, "[R]ule 60(b)(6) * * * provides a reservoir of equitable power to do justice in a given case, but it is limited to instances where there is a showing of exceptional circumstances." *Perez v. Perez*, 75 N.M. 656, 660, 409 P.2d 804, 807. We believe such circumstances existed here, and thus hold that the trial court rightly vacated its earlier judgment in favor of the Insurer.

## II. The Issue Relating to the Construction of the Insurance Contract

Since the trial court found that Parsons was not an employee of the Speedway on the night of his injury, we are bound by such finding to conclude that Exclusions (i) and (j) do not prevent Parsons from being a person covered by the policy. With respect to Exclusion (p), the parties in their briefs on appeal argue for the correct intepretation of the word "authorize." Was Parsons *authorized* by Keil to enter the pit, or was he merely *permitted* to do so? If he was authorized to do so, then he is excluded from recovery by the terms of Exclusion (p). If he was merely permitted to enter the pit, and not authorized to do so, then Exclusion (p) does not apply to him and he is entitled to recover against the policy.

■ We agree with Parsons and with the trial court that Keil was required to submit the waiver form to Parsons before admitting him to the pit area, and that Keil's failure to do so constituted a failure to authorize Parsons' entry into the pit area. In our judgment, the word "authorize" connotes "directed" as opposed to "permitted," in that it has a mandatory effect as opposed to a permissive effect.

Accordingly, the judgment of the trial court is affirmed.

WALTERS and RANSOM, JJ., concur.