765 P.2d 1176

Apolinar M. GARCIA,
Plaintiff–Appellant,

v.

SMITH PIPE AND STEEL COMPANY,
An Arizona Corporation,
Defendant–Appellee.

No. 10758.

Court of Appeals of New Mexico.

Sept. 13, 1988.

Certiorari Denied Oct. 25, 1988.

Joseph William Reichert, Albuquerque, for plaintiff-appellant.

Margo J. McCormick, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendant-appellee.

## OPINION

ALARID, Judge.

Plaintiff appeals the trial court's order granting defendant summary judgment in this personal injury action. Our first and second calendar notices proposed summary affirmance. Plaintiff has responded to each calendar notice with timely memoranda in opposition. Not persuaded by the memoranda, we affirm the trial court.

## FACTS

Plaintiff was employed by Personnel Pool of Albuquerque (Personnel Pool), a business supplying temporary laborers to other businesses. Plaintiff was sent to work for defendant by Personnel Pool. While working for defendant, plaintiff was under the control and supervision of defendant's employees. Defendant paid Personnel Pool $6.00 per hour for plaintiff's services. Personnel Pool paid plaintiff $3.85 per hour for his work for defendant. The difference of $2.15 per hour was utilized by Personnel Pool to pay overhead costs and expenses, including the payment of workmen's compensation insurance premiums for plaintiff. Defendant, while providing insurance coverage for its other employees, apparently did not specifically secure coverage for plaintiff. Plaintiff was injured while working for defendant. Thereafter, Personnel Pool, through its insurer, paid plaintiff workmen's compensation and medical benefits. Plaintiff subsequently sued defendant for personal injuries. Defendant moved for summary judgment, alleging that plaintiff's claims were barred by the exclusive remedy provision of the Workmen's Compensation Act. *See* NMSA 1978, §§ 52–1–8 and –9. The trial court granted summary judgment to defendant.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. SCRA 1986, 1–056(C); *Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986); *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

The parties agree that plaintiff was defendant's employee for purposes of the Workmen's Compensation Act. *See Shipman v. Macco Corp.*, 74 N.M. 174, 392 P.2d 9 (1964). Plaintiff argues that defendant did not meet its statutory obligation to secure coverage for him; therefore, defendant may not claim the protection afforded by the exclusive remedy provision. *See Montano v. Williams*, 89 N.M. 86, 547 P.2d 569 (Ct.App.1976) (failure of employer to comply with Act subjects him to claim for negligence by worker).

Our second calendar notice pointed out that defendant, in fact, indirectly secured coverage for plaintiff by reimbursing Personnel Pool for its insurance costs. These indirect payments were sufficient to invoke the protections of the exclusive remedy provisions. *See Foran v. Fisher Foods, Inc.*, 17 Ohio St.3d 193, 478 N.E.2d 998 (1985).

Plaintiff attempts to distinguish *Foran*, arguing that the parties in that case expressly contracted that the temporary service would furnish insurance for the workers it provided and the employer would pay the cost. In this case, plaintiff maintains, the affidavit before the trial court established "nothing more than the fortuitious [sic] purchase of insurance by Personnel Pool; there is nothing to demonstrate any solicitude on the part of Smith to secure such insurance, nor any consciousness on Smith's part that insurance was provided." This is a distinction without a difference. The fact that there may not have been any written agreement setting forth the parties' respective obligations regarding insurance coverage is of no consequence. The determinative fact is that Personnel Pool did purchase coverage for plaintiff at defendant's expense.

Plaintiff also contends that our reading of the exclusive remedy provision goes against the well-established rule that we will liberally construe the Act to give effect to its benevolent purpose in favor of the worker. *See Brooks v. Hobbs Mun. Schools,* 101 N.M. 707, 688 P.2d 25 (Ct.App. 1984). Nevertheless, we are proscribed from giving the Act an unreasonable or strained construction. *Anaya v. New Mexico Steel Erectors, Inc.,* 94 N.M. 370, 610 P.2d 1199 (1980). We think it patently unreasonable to expect an employer to specifically secure coverage for its temporary employees, many of whom might work for only a few days, where the personnel agency is providing such coverage at the employer's expense. In effect, the employer in such a situation is providing coverage. The purpose of the Act is served where insurance is purchased and the worker receives compensation.

Our holding finds additional support in our case law. In *Shipman,* the supreme court held that a worker, carried on the payroll of a company assembling crews for contractors and under the control and supervision of the contractor's employees in the performance of the contractor's work, could not maintain a negligence action against the contractor under the bar of the exclusive remedy provision. Although not specifically a part of the supreme court's holding, we note that the personnel service in *Shipman* provided workmen's compensation insurance for the worker. *See* 74 N.M. at 175, 392 P.2d at 9.

The judgment of the trial court is affirmed.

FRUMAN and APODACA, JJ., concur.