808 P.2d 964

**Manuel N. QUINTANA, Jr.,
Plaintiff–Appellant,**

v.

**UNIVERSITY OF CALIFORNIA, d/b/a
Los Alamos National Laboratory, and
Eric Payne, Defendants–Appellees.**

No. 11822.

Court of Appeals of New Mexico.

Feb. 7, 1991.

Certiorari Denied March 18, 1991.

Gordon Reiselt, Singer, Smith & Williams, P.A., Albuquerque, N.M., for plaintiff-appellant.

Alice E. Herter, Sutin, Thayer & Browne, P.C., Santa Fe, for defendants-appellees.

## OPINION

APODACA, Judge.

Plaintiff appeals from the trial court's order dismissing his claim for personal injuries and damages against the Regents of the University of California (defendants), doing business as Los Alamos National Laboratory, and Eric Payne, an employee or agent of defendants. Plaintiff asserts that, absent a showing of the existence of an employee-employer relationship, defendants cannot avail themselves of the exclusivity provisions of NMSA 1978, Sections 52-1-6(D) and -9 (Orig. Pamp.) of the Workers' Compensation Act (the Act). Defendants contend on appeal, as they did in the trial court, that they were entitled to immunity under the exclusivity protection of the Act. They claim this entitlement as a statutory employer under NMSA 1978, Section 52-1-22 (Orig. Pamp.) and also rely on this court's decision in *Garcia v. Smith Pipe & Steel Co.*, 107 N.M. 808, 765 P.2d 1176 (Ct.App.1988). *Garcia* held that the defendant's payment of workers' compensation insurance premiums in that case entitled the defendant to the exclusivity protection under Sections 52-1-6(D) and -9 of the Act.

We affirm, concluding that (1) defendants made a prima facie showing of entitlement to summary judgment under the exclusivity protection as a statutory employer under Section 52-1-22; (2) plaintiff failed to rebut defendants' prima facie showing; and (3) a prerequisite to application of our holding in *Garcia* is the existence of an employer-employee relationship in any form, either actual or statutory. Because an employer-employee relationship existed statutorily in this appeal, we hold that the trial court did not err in dismissing plaintiff's claim.

## FACTS

At the time of his injuries, on August 11, 1986, plaintiff was an employee of Pan Am World Services (Pan Am). This fact is not disputed by defendants. Neither have defendants claimed plaintiff was their actual employee. Instead, they claim exclusivity solely on their argument that they were a statutory employer. Plaintiff's complaint was based on the alleged negligent operation of a vehicle by one of defendants' employees. Plaintiff initially filed a claim for workers' compensation benefits under insurance coverage with Pan Am, his employer. It is not disputed that he received these benefits from Pan Am's insurer. He then filed the personal injury action giving rise to this appeal.

Before occurrence of the accident resulting in plaintiff's injuries, Pan Am had entered into a contract with defendants. Under the contract's terms, Pan Am provided certain support functions, including management, administration, equipment installation, building construction, maintenance, custodial, and other essential services. The contract also required Pan Am to provide workers' compensation coverage for its employees, for which defendants then were responsible to reimburse Pan

Am as part of various costs reimbursable under the contract.

DISCUSSION

1. Procedural Matter—Nature of Trial Court's Order.

■ Initially, we address a procedural matter before discussing the merits of the appeal. We note that the trial court characterized the order appealed from as an order dismissing the complaint with prejudice, not one granting summary judgment, which had been requested alternatively by defendants. Neither have the parties' briefs addressed whether the order was actually one granting summary judgment. Yet, it is undisputed that the trial court considered matters outside the pleadings, namely, two exhibits attached to defendants' memorandum in support of their motion—a copy of the contract between defendants and Pan Am and an affidavit verifying workers' compensation benefits had been paid to plaintiff. For this reason, we believe the order is more appropriately characterized as an order granting defendants' motion for summary judgment, since matters outside the pleadings were considered. *See Knippel v. Northern Communications, Inc.*, 97 N.M. 401, 640 P.2d 507 (Ct.App.1982). We therefore apply the review standards applicable to summary judgment proceedings in addressing the parties' arguments on appeal.

2. Statutory Employer Requirements.

■ We believe that an implicit requirement of existing case law is the existence of some form of an employer-employee relationship, either statutory or actual, before a defendant will be permitted to take refuge under the Act's exclusivity provision. *See Garcia v. Smith Pipe & Steel Co.; see also* 2A A. Larson, *The Law of Workmen's Compensation* § 72.31(d) (1990). In the absence of such a relationship, defendants' arguments must fail.

■ Defendants rely on Section 52–1–22, arguing that they are constructive or statutory employers and are thus entitled to immunity as such under the Act. Section 52–1–22 provides as follows:

As used in the * * * Act * * *, unless the context otherwise requires, where any employer procures any work to be done wholly or in part for him, by a contractor other than an independent contractor, and the work so procured to be done is a part or process in the trade or business or undertaking of such employer, then such employer shall be liable to pay all compensation under the * * * Act to the same extent as if the work were done without the intervention of such contractor. And the work so procured to be done shall not be construed to be "casual employment."

This statute imposes liability on an employer or prime contractor for workers' compensation benefits to an employee of a subcontractor doing work that is part of the business, trade, or occupation of the prime contractor. Defendants contend this statute essentially places a prime contractor in the "role of an employer" for purposes of providing workers' compensation benefits.

Under the statute, it is the relationship between the general contractor and the employer of the claimant that is dispositive and not the relationship between the general contractor and the claimant. To qualify as a statutory employer under Section 52–1–22, however, a contractor must meet two express conditions. First, the general contractor must procure work, wholly or in part, to be done by a contractor *other than* an independent contractor. *See* § 52–1–22. That is, the statute, by its own terms, provides that it is not applicable to work performed by independent contractors. Second, the work to be done must be a part or process in the trade, business, or undertaking of the general contractor. *Id.; see also Abbott v. Donathon*, 86 N.M. 477, 525 P.2d 404 (Ct.App.1974).

■ We consider it significant that the two conditions required by Section 52–1–22, independent of any reference to the language of that statute, were thoroughly discussed by this court in *Tafoya v. Casa Vieja, Inc.*, 104 N.M. 775, 727 P.2d 83 (Ct.App.1986). Although *Tafoya* did not expressly refer to Section 52–1–22 in deter-

mining the question of whether a plaintiff was an independent contractor or an employee of the defendant, it relied on a two-part test enunciated in *Yerbich v. Heald,* 89 N.M. 67, 547 P.2d 72 (Ct.App.1976). *Yerbich,* relying on *Burruss v. B.M.C. Logging Co.,* 38 N.M. 254, 31 P.2d 263 (1934), considered two factors—the "power to control" test and the "relative nature of the work" test. It also denoted the first test as the "primary factor." *But see Burton v. Crawford & Co.,* 89 N.M. 436, 553 P.2d 716 (Ct.App.1976) (the "relative nature of the work" test is the better method of determining a plaintiff's status—that of employee or independent contractor). Consideration of these two tests is consistent with the two conditions we conclude are required under Section 52-1-22.

According to Larson, the modern trend is toward granting prime contractors relief from liability if they contractually assure insurance coverage to an employee. *See* 2A A. Larson, *supra,* § 72.31(b). We believe that New Mexico subscribes to this trend. To be sure, in enacting Section 52-1-22, the legislature expressed its intent to afford immunity under the Act to statutory employers. Meeting the statute's requirements, however, is a prerequisite to being considered a statutory employer.

Larson based its statement of the modern trend on the following premise:

> [The] discussion presupposes that the various conditions for establishing the status of a *statutory employer have been met; if they have not, the general contractor is of course in no different position from any third party liable to suit.* The immunity does not attach, for example, if the facts present a lent-employee relationship rather than a subcontractor-employee relationship, or if the actual employer was not a true subcontractor but an independent contractor over whom the general contractor *had no control.*

*Id.,* § 72.31(d), at 14–191 to –193 (footnotes omitted) (emphasis added). Our holding in this appeal is consistent with Larson's premise.

Having determined the requirements defendants must meet to qualify as a statutory employer, we now turn to the trial court's ruling in this appeal. This court has held that, where the material facts are undisputed and susceptible of but one logical inference, it is a conclusion of law whether the status of an employer-employee relationship exists. *See Jelso v. World Balloon Corp.,* 97 N.M. 164, 637 P.2d 846 (Ct.App.1981). It follows that the trial court could have decided, as a matter of law, the status of Pan Am, with respect to that company's relationship to defendants. To do so, however, there must not have existed a disputed material fact.

We stated previously that, because the trial court considered matters outside the pleadings, its order of dismissal was essentially an order granting summary judgment to defendants. To prevail in a summary judgment proceeding, a defendant need only make a prima facie showing of entitlement to summary judgment. *Trujillo v. Treat,* 107 N.M. 58, 752 P.2d 250 (Ct.App. 1988). Once a defendant has made such a prima facie case, the burden then shifts to the plaintiff to show at least a reasonable doubt as to whether a genuine issue of fact exists. *Id.*

In support of their motion for dismissal, defendants in this appeal relied solely on the contract documents between Pan Am and defendants. The other exhibit relied on dealt only with the insurance coverage and ultimate premium reimbursement, a matter not germane to our discussion. These contract documents included detailed language concerning the nature and scope of the work to be done by Pan Am. Defendants relied on these documents in support of their contention that Pan Am was not an independent contractor, as a matter of law, thus qualifying defendant as a statutory employer. Yet, plaintiff relies on these identical documents, as he did in the trial court, to support his contention that Pan Am was an independent contractor, thus not fulfilling one of the two requirements under Section 52-1-22.

We have reviewed the contract documents relied on by both parties and hold,

as a matter of law, that defendants made their prima facie showing of entitlement to summary judgment by reliance on the contract. We conclude that the contract provisions make it abundantly clear that both requirements under Section 52–1–22 were met. The burden then shifted to plaintiff to show at least a reasonable doubt as to whether a genuine issue of fact existed. *See Trujillo v. Treat.* To meet his burden, plaintiff relied solely on the same contract documents and did not offer affidavits or other documents in opposition. A party resisting a motion for summary judgment cannot rely on the allegations contained in the complaint or on mere arguments. *Oschwald v. Christie,* 95 N.M. 251, 620 P.2d 1276 (1980). We conclude plaintiff failed to rebut defendants' prima facie showing. *See* SCRA 1986, 1–056(E); *Jelso v. World Balloon Corp.* We hold, as a matter of law, that the facts, as reflected in the contract documents, are susceptible of but one logical conclusion—the two requirements under Section 52–1–22 were met, and, consequently, a statutory employer-employee relationship existed between Pan Am and defendants. *Id.* We thus conclude that the trial court was correct in granting defendants' motion for summary judgment. *See Trujillo v. Treat.*

### 3. The Holding in *Garcia.*

 Although under our holding, defendants have prevailed on appeal, we nonetheless consider it necessary to address defendants' reliance on *Garcia,* a case in which this court last dealt with the exclusivity provision of the Act. Defendants claim *Garcia* stands as a recent example that New Mexico follows the modern trend approved of by Larson in determining statutory employer status. In that regard, we suggest that defendants misconstrue the essence of our holding in *Garcia.*

In *Garcia,* the plaintiff, a temporary agency employee, was injured while working for the defendant, who had contracted with the temporary agency to supply workers. The temporary agency used a portion of the money paid to it by the defendant to pay workers' compensation premiums and the plaintiff's wages. After filing a claim for benefits with the temporary agency, the plaintiff received benefits from the temporary agency's insurer. The plaintiff then filed a personal injury action. The defendant in turn filed a motion for summary judgment, which the trial court granted. On appeal, we affirmed the summary judgment.

Defendants contend the determinative factor in barring the plaintiff's suit in *Garcia* was that the temporary agency had purchased the plaintiff's coverage at the defendant's expense. Extending that determination to the facts of this appeal, defendants argue that Pan Am's purchase of coverage for plaintiff and defendants' reimbursement barred plaintiff's personal injury suit under the Act's exclusivity provision. We disagree.

The importance that *Garcia* placed in the defendant's reimbursement of insurance premiums must be viewed in the context of the specific discussion in *Garcia.* The parties in *Garcia* had *stipulated* that the plaintiff was the defendant's employee. The existence of that relationship was never at issue. The relevant discussion in *Garcia* was in response to the plaintiff's argument that, *despite* the employment relationship, the personal injury suit was not barred since the defendant had not technically met its statutory obligation to secure insurance coverage directly. The obtaining of insurance coverage is a prerequisite for a contractor's exclusivity protection under the Act.

*Garcia* simply clarified that, in determining whether the defendant had adequately provided coverage to the plaintiff, it was of no consequence whether there was a written agreement setting forth the parties' respective obligations concerning insurance coverage, so long as the defendant ultimately paid for the coverage. *See Garcia v. Smith Pipe & Steel Co.* It was in that context that *Garcia* emphasized the importance of the reimbursement by the defendant, holding that that fact was determinative of its disposition. Defendants' reliance on *Garcia* for their statutory employer argument is misplaced since the parties in

*Garcia* assumed an actual employer-employee relationship existed.

#### 4. Defendants' Other Arguments.

 We address one final procedural matter. Defendants contend the record in this appeal is incomplete and that every presumption should be indulged in favor of the correctness of the trial court's decision. In addition to arguing that they were prejudiced by an incomplete record, defendants contend that, due to the incompleteness, we as a reviewing court must assume the missing portions support the trial court's dismissal. *See State v. Doe*, 103 N.M. 233, 704 P.2d 1109 (Ct.App.1985).

It is not disputed that the record proper initially prepared by the district court clerk did not contain defendants' memorandum in support of their motion, their response to plaintiff's reply to the motion, and certain exhibits attached to the memorandum. When defendants brought this omission to plaintiff's attention, the parties ultimately stipulated to supplement the record with the exhibits and pleadings omitted. This stipulation, with the omitted material attached, was filed in this appeal. Plaintiff contends this action completed the record. Defendants, on the other hand, argue the record remains incomplete since plaintiff has not arranged for certification of the supplemental record proper as required by SCRA 1986, 12-209.

Erroneously characterizing plaintiff's appeal as involving a substantial evidence question, defendants also claim this court should dismiss the appeal. Defendants rely on *Luxton v. Luxton*, 98 N.M. 276, 648 P.2d 315 (1982) in support of this argument. *Luxton* held that an appellant's appeal based on substantial evidence grounds will be dismissed if the appellant has failed to incorporate as part of the record those exhibits germane to the evidentiary issue. Defendants contend plaintiff's issue on appeal is a substantial evidence question solely because plaintiff argued in his brief that the issue before us is whether defendants made a "sufficient showing" of being entitled to exclusivity protection under the Act. We already have noted that we deem the procedural posture of this appeal as one originating from an order granting summary judgment to defendants. We thus interpret plaintiff's assertion, that defendants did not make a sufficient showing, as an argument that defendants did not make a prima facie case of entitlement to summary judgment. We believe this to be a fair and accurate assessment of the proceedings at this juncture.

We also fail to see in what manner defendants have been prejudiced, since their argument on appeal has relied on the documents initially omitted from the record. Equally important, this court has had access to these documents in the record. Additionally, Rule 12-209(C) itself provides that the record proper may be corrected or modified by stipulation. Defendants have not challenged the accuracy of the supplemental record. We do not construe Rule 12-209 as requiring the stipulated material to be certified by the district court clerk before this court may consider it. Defendants' interpretation of the appellate requirements is hypertechnical. We thus hold that defendants' procedural argument is meritless. Because of our disposition, we need not address defendants' remaining arguments.

#### CONCLUSION

In summary, we hold that, because defendants made a prima facie showing of entitlement to summary judgment and plaintiff failed to rebut this prima facie showing, the trial court did not err in granting summary judgment to defendants. We also hold that a prerequisite to application of our holding in *Garcia* is the existence of some form of an employer-employee relationship, either actual or statutory, before entitling a defendant to immunity under the exclusivity provision of the Act. We affirm the trial court. Costs are awarded to defendants.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.