901 P.2d 738

The **RESOLUTION TRUST CORPORATION in its capacity as receiver of the ABQ Federal Savings Bank, Albuquerque, New Mexico, Plaintiff–Appellant,**

v.

**Carol FERRI, Defendant–Appellee.**

No. 21402.

Supreme Court of New Mexico.

Aug. 16, 1995.

Gary Don Reagan, P.A., Mark Terrence Sanchez, Hobbs, for appellant.

Law Offices of Louis N. Colon, Louis N. Colon, Albuquerque, for appellee.

## OPINION

FROST, Justice.

1. This case involves the proper interpretation of SCRA 1986, 1–060(B)(6) (Repl. Pamp.1992). Plaintiff–Appellant Resolution Trust Corporation (RTC) appeals from the trial court's order setting aside a default judgment under SCRA 1–060(B)(6) over nineteen months after entry of judgment. Defendant–Appellee Carol Ferri argues that the court properly acted within its equitable powers under SCRA 1–060(B)(6) in setting aside the judgment because of a mistake of law in the default judgment and because of her attorney's negligence. We reverse and remand.

## I. FACTS

2. On February 26, 1991, RTC filed a complaint against Carol Ferri and Gino Ferri for money due on five secured promissory notes. Gino Ferri's signature appears on three of the notes and Carol Ferri's signature appears on the other two. RTC properly served Carol Ferri in person with process. Carol Ferri did not answer the complaint. RTC also served Carol Ferri with a subpoena duces tecum on February 27, 1991. On March 15, 1991, RTC filed a motion for substitution of party to change its status from conservator of the failed ABQ Federal Savings Bank to that of party plaintiff as receiver of the bank. RTC also submitted an application for an order to show cause requiring Gino and Carol Ferri to appear and deliver to RTC the collateral on the notes. The trial court issued the order commanding both Gino and Carol Ferri to appear before the court on April 3, 1991. Carol Ferri was served personally with the motion for substitution of party, the application for the order to show cause, and the order itself on March 21, 1991. Neither Gino nor Carol Ferri appeared at the hearing.

3. As a result of their absence from the hearing for the order to show cause, the trial court entered a default judgment against both Carol and Gino Ferri on the five notes and awarded title of the collateral securing the notes to RTC. In the default judgment the trial court made Carol Ferri jointly and severally liable for all five notes, despite the fact that her signature appeared on only two of the notes. Apparently, both RTC and the trial court mistakenly presumed that Gino and Carol Ferri were married and were thus jointly liable for all five notes. In fact, Carol Ferri is Gino Ferri's mother.

4. In September 1992 RTC applied for a writ of garnishment against Carol Ferri's wages, which the trial court granted on December 2, 1992. Again, Ferri had notice of the application for garnishment but failed to take any action. On March 25, 1993, over nineteen months after the trial court entered the default judgment against her, Carol Ferri appeared in court and filed a motion to set aside the default judgment and writ of garnishment. She alleged that the trial court had erred in making her jointly and severally liable for all five notes since only two of the notes bore her name. She also alleged that the signatures on those two notes were forgeries. Finally she claimed that, although she had received all the court papers, she had forwarded all of the documents to her attorney, Jake Evans, who failed to take any action. Based on these facts, the trial court set aside the default judgment and the writ of garnishment under SCRA 1–060(B)(6). RTC then filed this interlocutory appeal.

## II. DISCUSSION

5. SCRA 1–060(B) provides in relevant part:

**B. Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1–059;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresen-

tation or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one-year after the judgment, order or proceeding was entered or taken.

In order to be entitled to relief under SCRA 1–060(B), the party seeking to set aside a default judgment must demonstrate applicable grounds for vacating the judgment under the rule as well as a meritorious cause of action or defense. *Rodriguez v. Conant,* 105 N.M. 746, 749, 737 P.2d 527, 530 (1987). Once the movant makes such a showing, the district court has the discretion to set aside the default, and on appeal we will only overturn the court's ruling if it has abused that discretion. *Id.*

6. In *Rodriguez* we emphasized that because the law disfavors a default judgment, the movant's claimed grounds for relief under SCRA 1–060(B) and meritorious defense should be viewed liberally. *Id.* However, this Court has also made it clear that a party seeking to set aside a judgment cannot claim exceptional circumstances and rely upon SCRA 1–060(B)(6) in order to circumvent the one-year limit within which to advance grounds set out in SCRA 1–060(B)(1) through (3). *Marinchek v. Paige,* 108 N.M. 349, 351, 772 P.2d 879, 881 (1989); *Wehrle v. Robison,* 92 N.M. 485, 487, 590 P.2d 633, 635 (1979).

7. In the present case Ferri did not challenge the default until over a year had passed. Therefore, because the judgment was neither void, SCRA 1–060(B)(4), nor satisfied, SCRA 1–060(B)(5), the trial court could only grant her relief if her claim fell within SCRA 1–060(B)(6), any other reason justifying relief. The trial court did not specify on what factual basis it applied SCRA 1–060(B)(6). It merely noted that its deci-

sion was grounded in fairness and equity. However, at the hearing on the motion to set aside the default, Ferri only presented two possible grounds for overturning the judgment: mistake of law and attorney negligence. We examine these arguments separately.

**A. Mistake of Law**

■ 8. Ferri strenuously argues on appeal that the trial court erred in relying on incorrect information in ordering the default judgment, and therefore the court was entitled to correct its error by setting aside the judgment. The error at issue was making Ferri jointly and severally liable on all five notes, based on the mistaken belief that she and Gino Ferri were married, when she should have been liable for only two of the notes. Accordingly, Ferri's argument is simply that the default judgment on the notes contained a mistake of law. However, as our Court of Appeals noted in *Deerman v. Board of County Commissioners,* 116 N.M. 501, 505, 864 P.2d 317, 321 (Ct.App.), *cert. denied,* 116 N.M. 364, 862 P.2d 1223 (1993), a mistake of law falls under SCRA 1–060(B)(1) (relief based on mistake, inadvertence, surprise or excusable neglect).

■ 9. In *Deerman* the Court of Appeals noted that allowing the trial court to correct judicial errors under SCRA 1–060(B)(1) fosters judicial efficiency by reducing the need for unnecessary appeals. *Id.; see also* 7 James W. Moore et al., *Moore's Federal Practice* ¶ 60.22[3] (2d ed. 1995) (noting majority of federal circuit courts allow correction of judicial error under Federal Rule 60(B)(1)). However, SCRA 1–060(B) should not be used as a substitute for appeal nor as a means of circumventing the appeals process. *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 50, 582 P.2d 819, 822 (1978). Accordingly, in *Deerman* the Court of Appeals properly concluded that "a motion pursuant to Rule 60(B)(1) to correct an error of law by the district court must be filed before the expiration of the time for appeal." *Deerman,* 116 N.M. at 506, 864 P.2d at 322; *see also* 7 Moore et al., *supra,* ¶ 60.22[4] (noting that

reasonable time for relief from judicial error should not exceed time allowed for appeal).

■ 10. In the present case Ferri filed her motion to set aside the default based on judicial error after the one-year time limit for bringing SCRA 1–060(B)(1) claims had passed and well after the period for filing an appeal had elapsed. Ferri therefore relied on SCRA 1–060(B)(6) which has no fixed time limit. However, we have long held that SCRA 1–060(B)(6) provides relief only for reasons *other* than those enumerated in SCRA 1–060(B)(1) through (5). *Marinchek*, 108 N.M. at 351, 772 P.2d at 881; *Wehrle*, 92 N.M. at 487, 590 P.2d at 635 (quoting *Parks v. Parks*, 91 N.M. 369, 371, 574 P.2d 588, 590 (1978)); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2864, at 217 (1973) (noting that, under Federal Rule 60(B), clause (6) and clauses (1) through (5) are mutually exclusive). Accordingly, "[a] party seeking to set aside a default judgment under Rule 1–060(B)(6) must show the existence of exceptional circumstances and reasons for relief other than those set out in Rules 1–060(B)(1) through (5)." *Rodriguez*, 105 N.M. at 750, 737 P.2d at 531; *see also Wehrle*, 92 N.M. at 487, 590 P.2d at 635 ("An individual must establish the existence of exceptional circumstances to obtain relief under Rule 60(b)(6).").

11. Ferri has not presented any exceptional circumstances surrounding the judicial error that would take this case outside the confines of SCRA 1–060(B)(1). *Cf. Deerman*, 116 N.M. at 507, 864 P.2d at 323 ("To establish extraordinary circumstances justifying their belated motion to set aside the judgment ..., [the movants] would have to show at the least that they were precluded from presenting in a timely manner the grounds for relief raised in their motion under Rule 60(B)."). Ferri does not dispute that she received notice of the hearing on the order to show cause, at which the court ordered the default judgment for her failure to appear. She was also served personally with RTC's application for a writ of garnishment and the court order granting the writ, both of which clearly noted that her wages would be garnished in order to satisfy all five notes. Although Ferri properly points out that the default judgment contained an error of law, she has offered no justification as to why she failed to promptly bring the error to the court's attention through a timely SCRA 1–060(B)(1) motion. Instead, Ferri relies on *Parsons v. Keil*, 106 N.M. 91, 93, 739 P.2d 505, 507 (1987), for the proposition that a court can use SCRA 1–060(B)(6) to correct its own errors at any time.

12. The question at issue in *Parsons* was whether the injured plaintiff was an employee of the defendant at the time of the accident. The trial court initially misinterpreted the plaintiff's responses in a deposition, concluding that he was an employee, and granted summary judgment in favor of the defendant. The court then vacated the summary judgment under SCRA 1–060(B) after plaintiff demonstrated that he actually was not an employee at the time. *Id.* at 92–93, 739 P.2d at 506–07. Although the trial court did not state on which subsection of SCRA 1–060(B) it was relying, this Court affirmed the trial court ruling under SCRA 1–060(B)(6). *Id.* at 93, 739 P.2d at 507. This Court noted that because the policy behind SCRA 1–060(B)(6) is to do justice, the trial court could rely on SCRA 1–060(B)(6) to correct its error and vacate the summary judgment. *Id.*

13. The *Parsons* Court began by noting that the trial court "could have correctly vacated its judgment under Subsection (B)(6), or arguably, *under the preceding subsections*," but because the parties relied on SCRA 1–060(B)(6) on appeal, the Court limited its holding to that subsection. *Id.* (emphasis added). The *Parsons* Court apparently recognized that a judicial error was correctable under SCRA 1–060(B)(1) but instead chose to apply Subsection (B)(6). As we stated earlier, however, SCRA 1–060(B)(6) only provides relief for reasons other than those covered by SCRA 1–060(B)(1) through (5), and SCRA 1–060(B)(1) is the applicable subsection for correcting judicial error, absent exceptional circumstances. Furthermore, although the Court in *Parsons* concluded that exceptional circumstances existed, the only exceptional circumstance noted in that case was the judicial error itself, which is not sufficient to invoke SCRA 1–060(B)(6). Accordingly, to the extent that

*Parsons* holds that SCRA 1–060(B)(6) applies to claims of judicial error in the same circumstances that SCRA 1–060(B)(1) would apply, it is overruled.

■ 14. In the present case Ferri has failed to demonstrate any exceptional circumstances sufficient to invoke SCRA 1–060(B)(6). Ferri's claim of judicial error fell squarely within SCRA 1–060(B)(1) and should have been raised before the expiration of the time for taking appeals. Thus, the trial court abused its discretion in setting aside the default judgment for judicial error under SCRA 1–060(B)(6) after nineteen months had passed.

## B. ATTORNEY NEGLIGENCE

15. The other possible basis for the trial court's order setting aside the default is attorney negligence. Although Ferri does not expressly rely on attorney negligence as a justification for the order on appeal, she presented evidence of attorney negligence to the trial court, and the trial court apparently relied on that evidence as a basis for its conclusion that equity required setting aside the default. Accordingly, we examine whether it was within the trial court's discretion to rely on attorney negligence as grounds for applying SCRA 1–060(B)(6). *Cf. Inryco, Inc. v. Metropolitan Eng'g Co.*, 708 F.2d 1225, 1232 (7th Cir.) ("Because default judgments are not favored by modern courts, we should broadly construe subsequent motions for relief from those judgments to encompass whatever grounds are reasonably presented."), *cert. denied*, 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983).

■ 16. In her affidavit in support of the motion to set aside the default, Ferri stated that she gave all the legal documents she received to her attorney, who failed to take any action. Generally, a claim that an attorney failed to take the necessary steps to defend a cause of action is properly characterized as a claim of excusable neglect under SCRA 1–060(B)(1). Attorney neglect absent additional facts demonstrating exceptional circumstances is not sufficient to invoke SCRA 1–060(B)(6). *Padilla v. Estate of Griego*, 113 N.M. 660, 665, 830 P.2d 1348,

1353 (Ct.App.1992); 11 Wright & Miller, *supra*, § 2864, at 221–22.

17. In *Padilla*, the Court of Appeals properly noted that all parties are deemed bound by the acts and failures of their lawyers. *Padilla*, 113 N.M. at 665, 830 P.2d at 1353 (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962)). Indeed, to set aside the default "merely because [the defendant] should not be penalized for the omissions of [the] attorney would be visiting the sins of [the defendant's] lawyer upon the [plaintiff]." *Id.* (fourth alteration in original) (quoting *Link*, 370 U.S. at 634 n. 10, 82 S.Ct. at 1390 n. 10). Accordingly, mere attorney negligence would not constitute exceptional circumstances for purposes of applying SCRA 1–060(B)(6), and a claimant's proper recourse would be to bring a malpractice suit against the negligent attorney. *See Inryco*, 708 F.2d at 1235 (remedy for attorney failure lies in malpractice suit not Rule 60(B) motion).

■ 18. However, when an attorney's failure rises to the level of *gross negligence*, the trial court may find exceptional circumstances warranting reopening a default judgment under SCRA 1–060(B)(6). *Jackson v. Washington Monthly Co.*, 569 F.2d 119, 122 (D.C.Cir.1978) ("[A serious] dereliction by an attorney, when unaccompanied by a similar default by the client, may furnish a basis for relief under Rule 60(b)(6). That is the more so where . . . little if any prejudice has befallen the other party to the litigation." (Footnotes omitted)); *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235 (D.C.Cir.) ("[Rule 60(B)(6)] is broad enough to permit relief when as in this case personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client."), *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964). *But see Schwarz v. United States*, 384 F.2d 833, 835–36 (2d Cir.1967) (holding that trial court did not abuse its discretion in denying Rule 60(B)(6) motion based on inexcusable attorney neglect).

19. This exception to the general rule of attorney-as-agent, discussed above, mitigates the harsh result of penalizing diligent clients who were affirmatively misled by their attorneys into unintentionally allowing their legiti-

mate claims or defenses to be lost. However, in order to fall within this exception, a movant must demonstrate that he or she was diligent in pursuing all claims but was thwarted in those efforts by the gross negligence of the attorney. *Cf. Inryco*, 708 F.2d at 1234 ("The defendants here were not diligent in pursuing this case and therefore would not prevail even if gross negligence qualified as another Rule 60(b) ground for relief, because courts allowing such relief uniformly require a diligent, conscientious client.").

20. In the present case the trial court applied the incorrect standard for relief under SCRA 1–060(B)(6) in grounding its decision solely on equitable considerations without making any findings regarding the diligence of Carol Ferri or the culpability of her attorney Jake Evans.[1] Accordingly, we reverse the trial court's order setting aside the default judgment and remand for an evidentiary hearing regarding the actions of Ferri and Evans. On remand, Ferri has the burden of demonstrating her diligence in pursuing her case. This showing should include evidence that she actively and repeatedly attempted to communicate with her attorney; that her attorney misrepresented the status or nature of the case; that she relied on her attorney's representations in good faith; and that a reasonably prudent person involved in such litigation similarly would have relied on those representations and would not have made further inquiries or efforts to advance his or her position. *Cf. United States v. Cirami*, 563 F.2d 26, 33–35 (2d Cir.1977) (discussing factual showing made by successful movant); *Vindigni v. Meyer*, 441 F.2d 376, 377 (2d Cir.1971) (remanding for full evidentiary hearing as to what efforts plaintiff undertook and what assurances the attorney's office made after attorney disappeared). The trial court should examine Ferri's actions in light of the fact that she, and not her attorney, was served personally with notice of the complaint, the order to show cause, and the writ of garnishment. The court should also evaluate whether and to what extent RTC would be prejudiced by setting aside the default judgment.

### III. CONCLUSION

21. This case presents us with the difficult situation in which the principles favoring adjudication of a claim on the merits come into conflict with the principles of finality and repose. In order to ensure fairness to both parties, this Court has provided for the reopening of final judgments at the trial court's discretion in limited situations and under reasonable time constraints under SCRA 1–060(B). SCRA 1–060(B)(6) allows for setting aside a default judgment after one year has passed only when extraordinary circumstances exist that go beyond the grounds enumerated in the other subsections. Judicial error and attorney neglect both fall within SCRA 1–060(B)(1) and do not warrant relief under Subsection (6). However, gross negligence by an attorney may constitute extraordinary circumstances allowing application of SCRA 1–060(B)(6) when coupled with a showing of client diligence. Accordingly, we reverse the order setting aside the default judgment and writ of garnishment and remand for an evidentiary hearing consistent with this opinion.

22. **IT IS SO ORDERED.**

RANSOM and FRANCHINI, JJ., concur.

---

**1.** Although this Court recently had occasion to examine some of Mr. Evans' misdeeds, *see In re Evans*, 119 N.M. 305, 889 P.2d 1227 (1995) (per curiam) (disbarring Jake Evans for repeated violations of the Rules of Professional Conduct), our findings in that case do not relieve Ferri of her obligation of demonstrating specific failings by Evans constituting gross negligence in the present case.