This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NATIONAL CITY BANK,**

     Plaintiff-Appellee,

v.                              **NO. 29,658**

**BOB MORROW,**
**MARLENE MORROW,**

     Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Sam B. Sanchez, District Judge**

Susan C. Little & Associates, P.A.
Karen Howden Weaver
Albuquerque, NM

for Appellee

Carol A. Neelley, P.C.
Carol A. Neelley
Taos, NM

for Appellants

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendants appeal the denial of their motion to set aside the default judgment entered in this foreclosure action. We issued a calendar notice proposing to affirm the district court's decision. In response, Defendants have filed a memorandum in opposition. After careful consideration of Defendants' arguments, we affirm the decision of the district court.

Defendants continue to claim that they were not provided with proper notice of the foreclosure action, and therefore the district court erred in entering default judgment in favor of Plaintiff. As discussed in our calendar notice, the evidence presented to the district court shows that Plaintiff made great efforts to provide notice to Defendants. Those efforts included research on the internet, searches of motor vehicle and court records, credit report searches, inquiries with the post office, visits to the property, visits to an apartment complex where one Defendant was believed to reside, visits to the other Defendant's place of employment, telephone calls, notice by mail to the property, interviews with neighbors, posting notice at the property, and publication in "a newspaper of general circulation in the county in which the action was pending." [MIO 4, fn 1] *See* NMSA 1978, § 39-5-1 (1895) (describing notice requirements for foreclosure sales, including providing notice in county where

property "is situate").

Attached to Plaintiff's response to Defendants' petition are a number of documents, including requests for information, internal memoranda, and affidavits, that refer to efforts made to provide notice to Defendants. Defendants challenge the validity of these documents, claiming that the affidavits contain hearsay and the documents were not authenticated. Defendants claim that the evidence was not introduced at the hearing on their petition to set aside the default judgment, and they had no opportunity to refute the information contained in the documents. Although Defendants' claim they had no opportunity to challenge the documents attached to Plaintiff's response, the response was filed over three weeks prior to the hearing on the petition to set aside the default judgment. Nothing in the tape log shows that Defendants objected to or moved to strike the attachments to the response or attempted to present evidence to refute the information contained in the attachments. We hold that this claim was not properly preserved for purposes of appeal. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791 (stating that a timely and specific objection must be made to apprise the district court of the nature of the claimed error, provide an opportunity for the opposing party to respond, allow the district court to make an intelligent ruling on

the claim, and create a record for appeal).

Defendants claim that they had a meritorious defense because they had "a right to reinstate and a right of redemption." [MIO 6] Defendants cite to no authority to support their claim that the right to reinstate or the right to redeem qualifies as a meritorious defense to foreclosure. In fact, a right to redemption arises after a decree of foreclosure on property is entered and provides a debtor one last opportunity to reclaim the property. *See* NMSA 1978, § 39-5-18(A) (2007). Based on the statute, a right to redemption is not a defense to the foreclosure itself, but only arises after the foreclosure is completed. We will not consider propositions that are unsupported by citation to authority. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. Therefore, we will not consider this argument.

Defendants claim that they did not need to set forth a meritorious defense because, where proper notice of the foreclosure action was not provided to them, the default judgment was "constitutionally infirm." [MIO 6] In support of their argument, Defendants cite to *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2008-NMCA-153, 145 N.M. 328, 198 P.3d 354, which cites to a United States Supreme Court case that originated in Texas. We note that the discussion in *Capco* concerned

4

a rule governing amendment of pleadings, *id.* ¶ 41, and not a foreclosure action, and the Supreme Court case applied Texas law. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 (1988). Those cases do not support Defendants' claim that they were not required to set forth a meritorious defense in this case. Our case law requires that, for relief under Rule 1-060(B) NMRA, a party petitioning to set aside a default judgment must show grounds for vacating the judgment and a meritorious defense. *Resolution Trust Corp. v. Ferri*, 120 N.M. 320, 323, 901 P.2d 738, 741 (1995). Moreover, as discussed above and contrary to Defendants' claim that there had been no service of process, Plaintiff made every effort to provide notice to Defendants even though, as the district court stated, Defendants avoided contact with Plaintiff. [RP 154] We reject Defendants' argument that notice of the foreclosure action was not sufficient.

For the reasons discussed herein and in our calendar notice, we hold that the district court did not abuse its discretion in denying Defendants' petition to set aside the default judgment in this case.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

5

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**


_____

**ROBERT E. ROBLES, Judge**