This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LOS ALAMOS NATIONAL BANK,**

Plaintiff-Appellee,

v.                                                                          **NO. 31,427**

**MAX URBAN and UNA ZAKAS,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Jurgens & With, P.A.
James R. Jurgens
Santa Fe, NM

for Appellee

Max Urban
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Pro se Defendants appeal an order denying their motion for relief from

judgment pursuant to Rule 1-060(B)(5) and (6) NMRA ("Motion"). We proposed to affirm in a notice of proposed summary disposition, and Defendants have filed a timely memorandum in opposition. We remain unpersuaded by Defendants' arguments and therefore affirm the district court's order denying their Motion for relief from judgment.

**Standard of review**

We review the district court's decision on whether to grant relief pursuant to Rule 1-060(B) NMRA for abuse of discretion unless the only issue presented is one of law. *Kinder Morgan CO2 Co., L.P. v. State of N.M. Taxation & Revenue Dep't,* 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

**Discussion**

On August 17, 2009, the district court granted summary judgment to Plaintiff, Los Alamos National Bank, and entered a decree of foreclosure ("Summary Judgment Order"). [RP 508, 512; DS 2] Defendants appealed the Summary Judgment Order, and this Court issued a memorandum opinion affirming in Case No. 29,905, with mandate issuing on June 9, 2010. [RP 774-781] On October 15, 2010, Defendants

filed their Motion for relief from judgment, [RP 783] and the district court denied the Motion on May 27, 2011. [RP 867-868]

In denying Defendants' Motion, the district court found that, to the extent Defendants were seeking to revisit the Court of Appeals decision in Case No. 29,905, such review was precluded because Defendants failed to file a petition for writ of certiorari with the Supreme Court. [RP 867-868] We proposed to affirm this finding in our notice of proposed disposition.

In their memorandum in opposition, Defendants do not rebut the analysis contained in our previous notice. [MIO 1-2] Instead, they argue that this Court can treat a notice of appeal and docketing statement as a petition for writ of certiorari. [MIO 2] Even if this may be true in certain circumstances, in this case Defendants failed to file any documents with the Supreme Court to seek review of this Court's opinion in Case No. 29,905. *Cf.* Rule 12-502(B) NMRA (stating that a petition for writ of certiorari must "be filed with the Supreme Court clerk within thirty (30) days after final action by the Court of Appeals"). Therefore, for the reasons set forth in our notice of proposed summary disposition, we affirm the district court's finding that Defendants' failure to file a timely petition for writ of certiorari with the Supreme Court precludes the district court from revisiting this Court's affirmance of the Summary Judgment Order.

In our notice, we also proposed to affirm the district court's findings that Defendants failed to make a sufficient showing entitling them to relief under Rule 1-060(B)(5) and (6). [RP 868] We noted that Defendants failed to make a showing that they were entitled to relief pursuant to Rule 1-060(B)(5) because they failed to show why enforcement of the Summary Judgment Order was no longer equitable. *Cf. Edens v. Edens*, 2005-NMCA-033, ¶ 23, 137 N.M. 207, 109 P.3d 295 (declining to set aside portions of a settlement agreement pursuant to Rule 1-060(B)(5) because the husband failed to show that enforcement of the agreement was inequitable).

As to Rule 1-060(B)(6), we noted that relief is only warranted if the movant establishes exceptional circumstances "beyond the grounds enumerated in the other subsections." *Resolution Trust Corp. v. Ferri*, 120 N.M. 320, 326, 901 P.2d 738, 744 (1995); *see Meiboom v. Watson*, 2000-NMSC-004, ¶¶ 19, 33, 128 N.M. 536, 994 P.2d 1154 (noting that relief pursuant to Rule 1-060(B)(6) requires the moving party to demonstrate compelling or exceptional circumstances). We proposed to hold that Defendants failed to make the requisite showing of exceptional circumstances.

In their memorandum in opposition, Defendants fail to rebut or even to address the analysis contained in our notice of proposed summary disposition. [MIO 3-5] Instead, they reiterate the arguments made to the district court as to why the Summary Judgment Order was no longer, and had never been equitable. [MIO 3-4; RP 783-

4

790]  We continue to disagree for the reasons set forth in our notice of proposed summary disposition.

In sum, Defendants' reiteration of the arguments made in their Motion fails to convince us that the analysis contained in our proposed disposition is in error. Therefore, for the reasons set forth in our previous notice, we remain of the opinion that the district court did not err in denying Defendants' Motion for relief from judgment. *Cf. Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**Conclusion**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we affirm the district court's order denying Defendants' Motion for relief from judgment pursuant to Rule 1-060(B)(5) and (6).

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**