This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LESLIE W. GOLLIHEAIR,**

Plaintiff-Appellant,

v.                                                                    **NO. 34,460**

**KRISTY FRANCHINI, individually and as an Employee of the STATE OF NEW MEXICO and PROGRESSIVE INSURANCE COMPANY DIRECT and TITAN INDEMNITY COMPANY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Jane Rocha De Gandara
Los Lunas, NM

for Appellant

Atwood, Malone, Turner & Sabin, P.A.
Bryan D. Evans
Roswell, NM

for Appellee Kristy Franchini

Doughty, Alcaraz & deGraauw, P.A.
J. Andrew deGraauw
Amye G. Green
Albuquerque, NM

for Appellee Progressive Insurance Company

Beall & Biehler, P.A.
Gregory L. Biehler
Albuquerque, NM

for Appellee Titan Indemnity Company

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}      Plaintiff appeals the district court's order dismissing Plaintiff's lawsuit for discovery violations and failure to comply with court orders. We issued a notice of proposed disposition proposing to affirm, and Plaintiff has responded with a memorandum in opposition, while Defendant Progressive Insurance Company has filed a memorandum supporting summary affirmance. We have carefully considered the arguments raised in Plaintiff's memorandum; however, for the reasons stated in the notice of proposed disposition and below, we continue to believe summary affirmance is appropriate in this case. We therefore affirm the district court's decision.

{2}      The district court's dismissal came only after Plaintiff, through his then-attorney, failed to provide discovery materials after being ordered to do so in two separate hearings and orders, despite assurances that the materials would be forthcoming. Plaintiff, again through counsel, did not respond to the motion for

sanctions eventually filed by Defendants, and did not appear at the hearing held on that motion. After the lawsuit was dismissed Plaintiff retained new counsel, who filed a motion to reconsider the dismissal that was denied after full briefing. [RP 181, 206]

{3} In the notice of proposed disposition we pointed out that in civil cases, a client is generally held responsible for the actions of his attorney. *See Marchman v. NCNB Texas Nat'l Bank*, 1995-NMSC-041, ¶¶ 55-56, 120 N.M. 74, 898 P.2d 709. We also noted that this rule has been applied even when the sanction imposed for the attorney's conduct is the extreme sanction of dismissal of a case. *See Padilla v. Estate of Griego*, 1992-NMCA-021, ¶¶ 17-18, 113 N.M. 660, 830 P.2d 1348. A district court's decision to dismiss will only be overturned on appeal if the ruling is clearly untenable, is contrary to logic and reason, or in some other manner constitutes an abuse of discretion. *See Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972. In support of our proposal to find that the district court did not abuse its discretion, we discussed the fact that Plaintiff's explanation of his then-attorney's unspecified medical condition lacked any facts or analysis as to when the condition began to affect the attorney, how the condition caused the attorney to fail to perform the simple act of mailing a thumb drive to opposing counsel even after he directly agreed to do so in open court, and whether the contents of the thumb drive fully complied with the discovery requests submitted by Defendants. We also

3

discussed Plaintiff's initial resistance to providing the financial information sought by Defendants, despite the fact that the information was clearly relevant to Plaintiff's claim for damages in the form of lost income.

{4}    Plaintiff's memorandum in opposition presents essentially two main arguments: first, that a lesser sanction such as a monetary sanction or exclusion of evidence would have been more appropriate in this case; and second, that the conduct of Plaintiff's counsel was grossly negligent and Plaintiff should therefore not be held responsible for that conduct. [MIO unnumbered pp. 3-4]

{5}    In support of the first argument Plaintiff cites several cases in which the sanction imposed for discovery violations was not dismissal, but a less serious sanction such as exclusion of a witness, *see Lewis,* 2001-NMSC-035, ¶ 17, or an award of attorney fees. *See also Weiss v. THI of N.M. at Valle Norte, LLC*, 2013-NMCA-054, ¶¶ 21-22, 301 P.3d 875. Plaintiff contends the facts of those cases were more egregious than the facts of this case, making the severe sanction of dismissal inappropriate in this case. However, the fact that district courts involved in other cases did not choose the most severe sanction available does not mean the district court in this case committed an abuse of discretion by imposing the sanction of dismissal. Plaintiff was initially ordered to produce the discovery within thirty days of November 13, 2013 [RP 118]; the materials were not forthcoming despite requests from defense

counsel directed at Plaintiff's attorney [RP 143]; at a hearing held on May 27 Plaintiff's attorney represented that he had a thumb drive containing the information and would provide it within ten days [RP 130]; Plaintiff was ordered to do so on June 12 [RP 134] but did not comply with that order either; and finally Plaintiff did not file a response to the motion for sanctions or appear at the hearing held on that motion. [RP 173]

{6} Thus, Plaintiff (through counsel) directly disobeyed two different orders of the district court, completely failed to produce the ordered discovery, and provided no explanation to the district court for his failure. Under these circumstances, the district court did not abuse its discretion in choosing the most serious sanction of dismissal of the case; based on the information before it at the time, the district court could have determined that its orders were being directly disobeyed and that Defendants would not be provided the information they needed to prepare for trial. *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 397, 96 N.M. 155, 629 P.2d 231 ("When a party has displayed a willful, bad faith approach to discovery, it is not only proper, but imperative, that severe sanctions be imposed to preserve the integrity of the judicial process and the due process rights of the other litigants."); *see also Allred ex rel. Allred v. Bd. of Regents of the Univ. of N.M.*, 1997-NMCA-070, ¶ 34, 123 N.M. 545, 943 P.2d 579 ("Although dismissal under Rule 1-037 is an extreme sanction,

district courts have a duty to enforce compliance with rules of discovery, and they should not shirk from imposition of the sanction of dismissal." (alteration, internal quotation marks, and citation omitted)).

**{7}**     The fact that dismissal was an acceptable sanction does not end the inquiry in this case; as we discussed above, Plaintiff also argues that he should not be held responsible for the failings of his attorney because those failings constituted gross negligence. It is true that New Mexico's case law has suggested that there could be an exception to general rule that a client is liable for the actions of his attorney. This exception may apply if the attorney's conduct amounts to gross negligence and the client has been diligent in attempting to stay abreast of the court proceedings. *See Resolution Trust Corp. v. Ferri*, 1995-NMSC-055, ¶¶ 18-20, 120 N.M. 320, 901 P.2d 738; *see also Adams v. Para-Chem S., Inc.*, 1998-NMCA-161, ¶ 15, 126 N.M. 189, 967 P.2d 864 (construing *Ferri* to mean that a client must demonstrate personal diligence that was thwarted by the client's attorney, in order to escape the consequences of the attorney's gross failures).

**{8}**     We have no problem determining that Plaintiff's former counsel committed gross negligence in ignoring informal requests from Defendants as well as two different court orders, failing to respond to the motion for sanctions, and failing to appear for the hearing held on that motion. The question therefore becomes whether

6

Plaintiff presented enough information to the district court about his own efforts to stay on top of the case, as well as the way in which his attorney thwarted those efforts, to demonstrate that the district court abused its discretion in holding Plaintiff responsible for his attorney's conduct. Plaintiff informed the district court that he gave a thumb drive to his attorney shortly after the October 2013 hearing at which he was ordered to produce the requested discovery materials. [RP 186] He also claimed that he "diligently" contacted his attorney's office on a "regular basis" to check on the status of the case, and that his attorney communicated to him "on several occasions" that the case was "ongoing." [RP 187] Plaintiff averred that he received no correspondence from his attorney, or notices of hearing, and was unaware the case had been dismissed until he was contacted by current counsel. [Id.]

{9}     We note, first, that in the district court Plaintiff did not clearly argue for a *Ferri*-type exception to the general rule that a client is responsible for the conduct of his attorney. In the motion to reconsider Plaintiff relied heavily on the concept of ineffective assistance of counsel, which is applicable in criminal cases but not civil cases such as this one. [RP 183-84] When Defendants pointed that out in their response, Plaintiff filed a reply that did not cite *Ferri* and vaguely mentioned Plaintiff's "relationship with his counsel" without attempting to demonstrate Plaintiff's diligence in attempting to stay informed about the status of his case. [RP

7

199] It is difficult to find an abuse of discretion by the district court on the basis of a legal theory that was not clearly argued to that court.

{10} In addition, as we discussed in the notice of proposed disposition, the factual information presented to the district court was extremely general and lacking important detail. There was no explanation of former counsel's medical condition, such as the nature and duration of the condition, that would have allowed the district court to discern the cause of the attorney's failings. In addition, Plaintiff indicated in conclusory fashion only that he had contacted his attorney "regularly" and was told the case was "ongoing" with no detail about how exactly it was "ongoing" and how regularly he contacted his attorney. Plaintiff supplied the thumb drive to his attorney in October 2013, and the case was not dismissed until eleven months later; the district court could have concluded, if it was even presented with the issue, that Plaintiff was not diligent in accepting vague assurances from his attorney that the case was "ongoing" with apparently no activity of any kind for eleven months. An abuse of discretion is committed only when the district court's decision is contrary to logic and reason or is untenable, *see Lewis*, 2001-NMSC-035, ¶ 13, and when the district court is not clearly informed of specific facts and law demanding an opposite result, its decision cannot be considered contrary to logic or untenable. We therefore determine that no abuse of discretion was committed in this case.

**CONCLUSION**

{11}    Based on the foregoing as well as the discussion in the notice of proposed disposition, we affirm the district court's decision in this case.

{12}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**