This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PENNYMAC MORTGAGE INVESTMENT TRUST HOLDINGS I, LLC,**

     Plaintiff-Appellee,

v.                                                    **No. A-1-CA-36864**

**PETE D. SALAZAR,**

     Defendant-Appellant,

and

**THE UNKNOWN SPOUSE OF PETE D. SALAZAR, if any,**

     Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Akerman LLP
Michael John McKleroy, Jr.
Dallas, TX

for Appellee

Pete D. Salazar
Placitas, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Pete D. Salazar, a self-represented litigant, appeals from the district court's order denying his Rule 1-060(B)(6) NMRA motion to set aside judgment and vacate sale. In this Court's notice of proposed disposition, we proposed to summarily dismiss the case for untimely notice of appeal. [CN 1-3] Defendant filed a memorandum in opposition (MIO), and Plaintiff filed a memorandum in support (MIS). Having duly considered the memoranda, we remain unpersuaded and dismiss the appeal for untimely notice of appeal.

{2}     In his MIO, Defendant essentially argues that his prior attorney withdrew because his license was being suspended and that Defendant would be prejudiced if this Court dismissed his untimely appeal in light of such circumstances. [*See* MIO 1-3] However, in reviewing the record, it is apparent that Defendant's attorney sought to withdraw on March 7, 2017 [1 RP 193], prior to Defendant even filing his motion to set aside the judgment on April 20, 2017 [1 RP 198]. In other words, Defendant's attorney's withdrawal from the case did not impact the timing of Defendant's untimely notice of appeal because the withdrawal occurred before the district court ever ruled on the motion at issue in this appeal. [*See* 2 RP 273] Indeed, Defendant had

not been represented by his prior counsel for at least six months prior to the date that his notice of appeal would have been due and, as such, the onus for filing a timely notice of appeal was on Defendant. [*See* MIO PDF 2-3] We reiterate that self-represented litigants are held to the same standard as attorneys in appeals to this Court. *See In re Camino Real Envtl. Ctr., Inc. v. N.M. Dep't of Env't*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 ("Although pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (alteration, internal quotation marks, and citation omitted)); *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126 ("Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel.").

{3}      As there are no exceptional circumstances present in this case, we dismiss Defendant's untimely appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that time and place of filing notice of appeal is a mandatory precondition to appellate jurisdiction); *see also Wakeland v. N.M. Dep't of Workforce Sols.*, 2012-NMCA-021, ¶¶ 20, 25, 274 P.3d 766 (stating that "only the most unusual circumstances beyond the control of the parties—such as error on the part of the court[—]will warrant overlooking the requirement that a document

must be timely filed as a mandatory precondition to the exercise of a court's jurisdiction," and that, although "[i]n very limited circumstances, this Court has held that uncertainty in the law will excuse the late filing of a petition[,]" "[s]imply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing"). We additionally note that, because a party does not have the right to appointed counsel in civil cases, his "ineffective counsel" argument is similarly unpersuasive. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (reiterating that, "in civil proceedings where liberty interests are not involved, appointment of counsel is considered a privilege, not a right").

**{4}** Finally, we note that, even if Defendant's appeal had been timely, this Court still would not exercise its jurisdiction to hear the appeal based on the procedural posture of the case. As Defendant is aware, this case has been given the benefit of appellate review before. On July 16, 2015, the district court entered an order denying Defendant's motion to dismiss for lack of jurisdiction and entered summary judgment against him. [1 RP 140, 142] Defendant appealed from that final judgment and, on January 27, 2016, after considering the merits, this Court summarily affirmed the judgment, entering a mandate on April 25, 2016. [1 RP 147, 168, 175, 176] A year later, on April 20, 2017, Defendant filed his *pro se* motion to set aside the judgment.

4

[1 RP 198] Defendant's motion to set aside the judgment, filed a year after the mandate issued from this Court, fails to satisfy the requirement that post-judgment motions to reconsider must be filed *before* the expiration of the time for appeal. *See* Rule 12-202(A) NMRA (stating that "[a]n appeal permitted by law as of right from the district court shall be taken by filing a notice of appeal with the district court clerk within the time allowed by Rule 12-201 NMRA"); Rule 12-201(A)(1)(b) (stating that a notice of appeal shall be filed "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office"); Rule 12-201(A)(2) (stating that the three-day mailing period does not apply); *see also Resolution Trust Corp. v. Ferri*, 1995-NMSC-055, ¶ 9, 120 N.M. 320, 901 P.2d 738 ("[A] motion pursuant to Rule 60(B)(1) to correct an error of law by the district court must be filed before the expiration of the time for appeal." (internal quotation marks and citation omitted)).

{5}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we dismiss this case as untimely. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a "party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{6}** **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**STEPHEN G. FRENCH, Judge**