This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38093**

**STATE OF NEW MEXICO ex rel.
NEW MEXICO STATE ENGINEER,**

Plaintiff-Appellee,

v.

**ROSETTE, INC., et al.,**

Defendants,

and

**FFR ANIMAS, LLC, Successor-in-
Interest to J & C Victor 2006 Trust,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HILDAGO COUNTY
J.C. Robinson, District Court Judge**

Utton & Kery, P.A.
Susan C. Kery
Albuquerque, NM

Gregory C. Ridgley, General Counsel
Sonny Swazo, Special Assistant Attorney General
Santa Fe, NM

for Appellee

Law & Resource Planning Associates
Charles T. DuMars
Tanya L. Scott
Zachary Ogaz
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant J & C Victor 2006 Trust (JCV) appeals the denial of its motion to set aside default judgment. As part of an inter se proceeding to adjudicate water rights in the Animas Underground Basin, the Office of the State Engineer (OSE) filed a motion for summary judgment in 2013 to establish the CIR/FDR water diversion amounts to be used in subsequent subfile proceedings. The district court granted OSE's motion, entering an "Order Making Final Determination of Basin-Wide Irrigation Water Requirements" (2013 Order). In 2019, JCV moved for the judgment to be set aside, claiming it did not receive adequate notice and requesting that the judgment be set aside insofar as JCV was determined to have failed to respond. The district court denied the motion, and JCV appealed. For the reasons that follow, we affirm.

**DISCUSSION**

**Notice**

**{2}** JCV claims that it received inadequate notice of OSE's motion for summary judgment because the notice provided in a monthly adjudication report did not comply with the standard of notice as set forth in the district court's case management order—namely, the notice lacked a brief description of the relief sought in OSE's motion. OSE answers that JCV was reasonably apprised of the action by a notice of adjudication sent by first-class mail, afforded an opportunity to respond as stated in the monthly adjudication report, and therefore received constitutionally sufficient notice under New Mexico law.

**{3}** Whether adequate notice is provided is a question of law, which we review de novo. *Cordova v. N.M. Tax'n & Revenue*, 2005-NMCA-009, ¶ 17, 136 N.M. 713, 104 P.3d 1104. Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, (1950); *see also* Rule 1-004(E)(1) NMRA (2012) ("Process shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."). Rule 1-005(A) NMRA (2006) states, "*Except as otherwise provided in these rules*, . . . every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants . . . shall be served upon each of the parties." (Emphasis added.)

**{4}** Our Supreme Court has provided specific rules regarding notice for stream system actions and expedited inter se proceedings. "[A]s a general rule, . . . when two statutes deal with the same subject, one general and one specific, the specific statute

controls." *Moongate Water Co. v. City of Las Cruces*, 2014-NMCA-075, ¶ 15, 329 P.3d 727. "When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." *Frederick v. Sun 1031, LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 (internal quotation marks and citation omitted). Rule 1-071.2(C) NMRA (2011) specifies that expedited inter se actions require notice of the proceeding to be "given to all claimants, regardless of whether they have been served and joined as defendants, claiming water rights within the section or sections of the stream system identified by the court." This notice must be provided by first-class mail to "all known claimants whose names and addresses are reasonably ascertainable." *Id.* The rule states further that "[a]n order resolving a stream system issue proceeding or an expedited inter se proceeding binds all water rights claimants regardless of whether they were served and joined as defendants, participated in, or received actual notice of the proceeding" so long as notice was provided according to Paragraph C. Rule 1-071.2(D).

**{5}** In this proceeding, the district court imposed additional notice safeguards on communications to water claimants beyond the requirements in Rule 1-071.2(C). In 2012, the district court entered a case management order (CMO)—in effect a pretrial order—to create mechanisms for managing the inter se proceeding, including a protocol by which relevant claimants would be noticed. The CMO required OSE to publish and serve a monthly adjudication report; all claimants would have an opportunity to subscribe to the report when the notice of adjudication was delivered. The monthly adjudication reports were to include the times and locations of upcoming hearings, deadlines for responding to motions, and the chronological listing of all filed documents with a brief description of relief sought in each.

**{6}** Here, notice of adjudication was mailed by first-class mail to all of nearly 1,100 water rights claimants—including JCV—indicating that adjudication of water rights would proceed, that all orders of the court would be binding on all claimants, and that failure to respond would waive any right to a hearing. JCV received this notice in October 2012 and subscribed to the monthly adjudication report twice, once for itself and once to notify an email address seemingly affiliated with a law firm. OSE filed its motion for summary judgment on April 24, 2013, and the motion's filing was published in both the April monthly adjudication report and a subsequent amended report. Those reports indicated the deadline to respond to the motion for summary judgment would be May 16, 2013, but omitted the description of the relief sought, contrary to the case management order. A brief description of the relief sought was located, however, on the first page of the motion for summary judgment—available on the court's website—and read:

> DESCRIPTIVE SUMMARY: Summary judgment motion requesting an order establishing a farm delivery requirement of 3.0 acre-feet per acre per year and a consumptive irrigation requirement of 2.1 acre-feet per acre per year for irrigation subfiles other than those where a differing specify and irrigation diversion amount has been determined in a permit or license.

**{7}** JCV failed to respond by the deadline set forth in the April report and amendment, and moreover, responded only in September 2016 after at least one subfile case had been filed and reached default status. The district court found the JCV trustee's subsequent claim that he would have responded if he had the brief description to be not credible.

**{8}** It is undisputed that JCV received both the notice of adjudication by first-class mail in addition to the monthly adjudication reports that appraised it of the pendency of the action. We fail to see how this notice falls short of the rule established by our Supreme Court for inter se proceedings under Rule 1-071.2(C). Furthermore, we observe that the notice for the motion for summary judgment alone satisfies the requirements established by our state court rules and *Mullane*. 339 U.S. at 314. JCV was on notice to the pendency of the motion and when its response was required in order to be heard. We do not interpret the CMO—providing an *additional* benefit to water claimants—to alter established standards for due process. A district court's failure to adhere to its own pretrial order does not comprise a constitutional violation, and JCV provides us no authority to the contrary. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

**{9}** As a practical matter, we are as well unpersuaded that an additional brief description of what OSE sought by means of its request for summary judgment would have made JCV aware of any new information it did not already have. Following JCV's purchase of land starting in 2010, JCV filed several "change of ownership" forms to alert OSE that JCV had taken possession; those forms include the CIR/FDR diversion amounts to the tracts—2.1 CIR and 3.0 FDR—the same amount OSE prescribed for the entire basin in their motion for summary judgment. The district court described JCV as having "actual notice" of the 2.1 CIR and 3.0 FDR amounts pursuant to its purchase of the land. We agree with JCV that the trust is not bound to those values without recourse in perpetuity, but the brief description of the motion would only have informed JCV that the summary judgment proposed the same CIR/FDR quantities that JCV already owned. The monthly adjudication report already informed JCV that a motion for summary judgment had been filed. The descriptive summary does not define a motion for summary judgment or its legal impact on JCV's water rights. The constitutionally critical details—and the only information that might prompt action by JCV—were served in the monthly adjudication report.

**{10}** Based on the foregoing reasoning, we agree with the district court that JCV received adequate notice under Rule 1-071.2(C). We therefore affirm the district court's determination that notice was constitutionally sufficient.

## Default Judgment

**{11}** JCV argues that the 2013 Order—in which the district court granted summary judgment—was actually a default judgment against it, and further, the judgment should be set aside under Rule 1-055(C) NMRA and Rule 1-060(B)(6) NMRA. JCV asserts that the 2013 Order was a default judgment because it was "decided without a response or

any participation from a single water user" in the Animas Basin. OSE responds that the procedure conducted by the district court comports with Supreme Court Rule 1-056 NMRA, rather than Rule 1-055 and 1-071.1(C) NMRA pertaining to default judgments. Further, OSE argues that JCV is not entitled to relief under Rule 1-060(B)(6) because no exceptional circumstances warrant setting aside the judgment.

**{12}**    We review the district court's ruling on motions for relief from final judgment under Rule 1-060(B) for abuse of discretion. *Resol. Tr. Corp. v. Ferri*, 1995-NMSC-055, ¶ 5, 120 N.M. 320, 901 P.2d 738. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). In determining if an abuse of discretion occurred, we review de novo the application of the law to the facts. *See Gandara v. Gandara*, 2003-NMCA-036, ¶ 9, 133 N.M. 329, 62 P.3d 1211.

**{13}**    We need not determine if the 2013 Order constituted a default or summary judgment because under either determination, JCV cannot attain relief from the judgment under Rule 1-060(B). JCV articulates its basis of relief under Rule 1-060(B)(6) for "any other reason justifying relief," rather than the explicit bases in Rule 1-060(B)(1)-(5). "Our Supreme Court has interpreted Rule 1-060(B)(6) to require the party seeking to set aside a default judgment under Rule 1-060(B)(6) to show the existence of *exceptional* circumstances and reasons for relief other than those set out in Rules 1-060(B)(1) through (5)." *Marquez v. Frank Larrabee & Larrabee, Inc.*, 2016-NMCA-087, ¶ 10, 382 P.3d 968 (alterations, internal quotation marks, and citations omitted). New Mexico courts have found exceptional circumstances when a defendant was not provided notice despite his whereabouts being known, when large sums of money were at stake in a default, and when an attorney acts with gross negligence among additional considerations. *Rodriguez v. Conant*, 1987-NMSC-040, ¶ 22, 105 N.M. 746, 737 P.2d 527; *see Marquez*, 2016-NMCA-087, ¶ 10. Exceptional circumstances do not include errors of law by the court—especially when service has been provided—which instead fall under the "mistake" basis for relief in Rule 1-060(B)(1). *Ferri*, 1995-NMSC-055, ¶¶ 8, 11.

**{14}**    JCV asserts that its primary exceptional circumstance is the aforementioned alleged lack of notice. As we have already explained, notice was adequate to apprise JCV of the pendency of OSE's motion for summary judgment. Therefore, we decline to consider constitutionally adequate notice to be grounds for relief from judgment. Although JCV's ensuing argument is not wholly clear, as best we can understand JCV asserts additional bases for setting aside the judgment under Rules 1-055(C) and 1-060(B)(6) in light of what JVC perceives to be both the district court's failure to consider the current beneficial use of water and the court's erroneous finding of a duty of water for pecan trees that was unsupported by fact. But the district court's alleged failure to consider certain evidence and mistaken reliance on insufficient evidence are the kinds of judicial error that comprise mistakes under Rule 1-060(B)(1), not 1-060(B)(6). *Ferri*, 1995-NMSC-055, ¶ 8. A claim for relief under Rule 1-060(B)(1) would require contesting the judgment within a year, not the nearly seventeen months it took for JCV to respond

to the litigation or the nearly six years to file its motion to set aside default judgment. *See Ferri*, 1995-NMSC-055, ¶ 6; Rule 1-060(B)(6). We hold that no exceptional circumstances apply to this case that could provide relief to JCV from the 2013 Order, and accordingly, an evaluation of whether the time to file a motion was reasonable is unnecessary.

**{15}**     JCV appears to argue as well that its potentially meritorious defenses warrant setting aside the judgment under Rule 1-055(C). "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 1-060." Rule 1-055(C). "Rule 1-055(C) merely requires the use of a 'good cause' standard when setting aside the entry of default." *Gandara*, 2003-NMCA-036, ¶ 23. We likewise decline to consider constitutionally adequate notice, here coupled with a claim of meritorious defense, to be "good cause shown" for failing to respond. We affirm the district court's decisions declining to set aside the final judgment.

**CONCLUSION**

**{16}**     For the above reasons, we affirm.

**{17}**     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**I CONCUR:**

**GERALD E. BACA, Judge**

**MEGAN P. DUFFY, Judge (concurring in result only).**